In the

# United States Court of Appeals
### For the Seventh Circuit

No. 02-1216

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LAWRENCE B. GRAY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 177—**George W. Lindberg**, *Judge.*

ARGUED FEBRUARY 26, 2003—DECIDED JUNE 12, 2003

Before FLAUM, *Chief Judge*, and EASTERBROOK and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. Drug Enforcement Agency ("DEA") Agents David Brazao and Dorothy Sells, believing that they had just witnessed Lawrence B. Gray selling drugs from the front seat of his car, followed Gray's vehicle to a Dominick's grocery store and parked behind him. The agents approached Gray's car and, displaying their badges and announcing "Police DEA," told him to get out of his vehicle. When he did not do so, the agents simultaneously opened the two front doors of Gray's automobile. Shortly after they opened the doors Gray placed his car in reverse and hit the gas pedal. One of the open car doors hit Agent Brazao and knocked him to the ground.

Gray sped out of the parking lot, and a high-speed chase ensued. Eventually, the agents arrested Gray in a McDonald's parking lot. Following the arrest, they recovered a bag that Gray had thrown out of the car window during the chase. It was subsequently determined that the bag contained 37.5 grams of marijuana. A later search of Gray's apartment yielded an additional 55 grams of marijuana.

The government filed a three-count superseding indictment charging Gray with (1) assaulting a DEA agent in violation of 18 U.S.C. § 111, (2) possessing 38 grams of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and (3) possessing 55 grams of marijuana with intent to distribute also in violation of 21 U.S.C. § 841(a)(1). Gray pleaded guilty to all three counts in the indictment without the benefit of a plea agreement.

At sentencing, the district court determined based on the facts and the Presentence Report ("PSR") that the combined adjusted offense level for all three counts under the Sentencing Guidelines was 26 and that Gray's criminal history category was III. This resulted in a sentence range of 78 to 97 months imprisonment. Accordingly, the court sentenced Gray to 87 months on each count, with the sentences to run concurrently. Neither counsel for the defendant nor the government mentioned the relevant statutory maximums at the sentencing.

Now on appeal, Gray argues that his sentence of 87 months on each count exceeds the statutory maximum sentence for each individual crime of conviction. Because he did not raise this issue below, we review it only for plain error. *United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001). To reverse under the plain error standard of review, we must find that the error (1) was plain, (2) affected substantial rights, which in most cases means that the error was prejudicial, and (3) "seriously affect[ed] the fairness, integrity or public reputation of judicial proceed-

ings." *United States v. Olano*, 507 U.S. 725, 733-36 (1993) (quotation omitted).

Count One of the indictment charged Gray with forcible assault of a drug enforcement officer in violation of 18 U.S.C. § 111 (2000).[1] The indictment, however, did not specify which of § 111's two subsections Gray was charged with violating. Subsection (a) provides a maximum penalty of 36 months for anyone that "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a DEA officer] while engaged in . . . the performance of official duties." 18 U.S.C. § 111(a) (2000). Subsection (b) provides a maximum penalty of 120 months for anyone that in violating subsection (a) "uses a deadly weapon . . . or inflicts bodily injury." 18 U.S.C. § 111(b) (2000).

It appears from the sentencing transcript and the PSR that both parties and the district court assumed that Gray had pleaded guilty to a violation of § 111(b), and the district court sentenced him accordingly under subsection (b)'s maximum of 120 months. The problem with this assumption is that Count One of the indictment did not charge Gray with use of a deadly weapon or with inflicting bodily injury; therefore, it must be assumed that the indictment charged Gray with a violation of subsection (a) rather than subsection (b). Gray therefore pleaded guilty only to a violation § 111(a), which both parties agree carries a maximum penalty, in this case, of 36 months. The sentence of 87 months that Gray received on Count One

---

[1]  We note that 18 U.S.C. § 111 was amended in 2002 to increase the maximum punishments available under the statute: the maximum under subsection (a) for assaults other than "simple assaults" was increased from 36 months to 96 months imprisonment, and the maximum under subsection (b) was increased from 120 months to 240 months imprisonment. Gray was sentenced prior to the 2002 amendment, so we apply the pre-2002 maximums.

exceeded this 36 month statutory maximum and thus was in error. The government concedes as much.

Similarly, the government concedes that the 87 month sentences that Gray received on each of the drug counts exceeded the 60 month statutory maximum provided by 21 U.S.C. § 841(b)(1)(D) (2000).

The government argues, however, that these errors do not, under plain error review, warrant a remand for resentencing because they did not affect the fairness, integrity, or public reputation of the proceedings. We agree. This Court has held, and Gray acknowledges, that no reversal is warranted under the plain error standard when the sentence imposed does not exceed the combined statutory maximum achievable by running the sentences consecutively. *See United States v. Parolin* 239 F.3d 922, 930 (7th Cir. 2001). In this case, the consecutive statutory maximum of the three counts for which Gray was convicted was 156 months—36 months for the assault and 60 months for each of the drug charges. Gray actually received a sentence of only 87 months, well below the total, consecutive maximum.

Moreover, § 5G1.2(d) of the Sentencing Guidelines states:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

U.S.S.G. § 5G1.2(d) (2000). We have refused to reverse a defendant's sentence under plain error review if on remand the district court would impose the same total sentence by imposing the individual sentences consecutively rather than concurrently to achieve the total punishment as instructed in § 5G1.2(d). *See United States v. Martinez*, 289 F.3d 1023, 1027 (7th Cir. 2002).

Under the Guidelines, Gray's total punishment, based on his adjusted combined offense level of 26 and his criminal history category of III, falls within a range of 78 to 97 months. The drug convictions, the counts with the highest statutory maximums, carry statutory maximum sentences of 60 months—below Gray's total punishment. Therefore, even if we were to remand for resentencing, § 5G1.2(d) would instruct the district court to impose the sentences consecutively to the extent necessary to achieve the total punishment; thus, Gray would receive the same sentence as before.

Consequently, we find that the sentencing errors did not affect the fairness, integrity, or public reputation of the proceedings. Gray's sentence is AFFIRMED.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*