In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-1402

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

YUDIT JACQUES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 797—**James F. Holderman**, *Judge.*

ARGUED SEPTEMBER 4, 2003—DECIDED OCTOBER 8, 2003

Before FLAUM, *Chief Judge*, and EASTERBROOK and
MANION, *Circuit Judges*.

FLAUM, *Chief Judge*. Yudit Jacques pled guilty to one
count of attempting to possess with intent to distribute in
excess of 500 grams of methamphetamine in violation of 21
U.S.C. § 841. She now appeals the District Court's failure
to grant her the statutory time to review the presentence
report. For the reasons stated herein, we affirm.

## I. BACKGROUND

On August 9, 2002, United States Postal Inspectors discovered a suspicious package at the Los Angeles Airport mail facility. A search of the package revealed four plastic bottles containing approximately 1,821 grams of a white crystal substance which later tested positive for the presence of methamphetamine. After removing the majority of the drugs and resealing the package, an undercover inspector delivered the package to the address on the shipping label. Yudit Jacques signed for the package and took it into her residence. Agents then executed a search warrant for Jacques' residence and recovered the package. On November 13, 2002, Jacques pled guilty to attempting to possess with intent to distribute in excess of 500 grams of methamphetamine.

Sentencing was set for February 11, 2003, and Jacques was instructed to file objections to the presentence report (PSR) by January 23, 2003. However, Jacques still had not received a copy of the PSR by January 24, 2003, and therefore filed a motion requesting a fourteen-day extension of time to file objections. The district court issued an order stating that "[t]he court having been advised that counsel received the presentence report on January 25, 2003, defendant is given to January 31, 2003 to file her objections and/or motions for departure." Jacques filed her objections and a motion for downward departure on February 3, 2003, and sentencing took place as scheduled on February 11.

Jacques now appeals, asserting that she was not granted the appropriate time to review the PSR and file objections under Federal Rule of Criminal Procedure 32. The government argues that Jacques either waived or forfeited her right to relief by failing to object to the shortened time period at the sentencing hearing.

## II. DISCUSSION

Jacques alleges that her rights under Rule 32(e)(2) and Rule 32(f)(1) were violated when the sentencing occurred seventeen days after the PSR was tendered and the District Judge allowed the defendant only seven days to file objections to the PSR. Rule 32(e)(2) states that "[t]he probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." Fed. R. Crim. P. 32(e)(2). Rule 32(f)(1) provides that the parties have "14 days after receiving the presentence report" to "state in writing any objections." Fed. R. Crim. P. 32(f)(1).

The government admits that Jacques did not receive the mandated thirty-five days to review the PSR and fourteen days to file objections to the PSR. However, the government contends that Jacques waived or forfeited her Rule 32 rights by participating in her sentencing hearing without objecting at the hearing or requesting a continuance. The government further argues that Jacques was not prejudiced by the shortened time period.

Waiver is the intentional relinquishment of a known right. *See United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). Waiver extinguishes any error and precludes appellate review. *See Olano*, 507 U.S. at 733. Forfeiture, on the other hand, is the failure to make a timely assertion of a right. *Id.* at 731. Forfeited errors are reviewable under the plain error standard. *Id.* at 733. We have often stated that whereas "waiver is accomplished by intent, forfeiture comes about through neglect." *Staples*, 202 F.3d at 995; *United States v. Perry*, 223 F.3d 431, 433 (7th Cir. 2000).

In this case, Jacques forfeited, rather than waived, her Rule 32 rights. There is no evidence that Jacques intention-

ally relinquished the right to have more time to review and object to the PSR. In fact, the evidence is to the contrary. Jacques objected to the shortened time period by filing a motion requesting a fourteen-day extension of time to file objections. Jacques' failure to object again at the sentencing hearing itself was a failure to make a timely assertion of a right, not a relinquishment of that right.

This case is distinguishable from cases cited by the government where defendants waived their right to appeal by failing to object. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) (holding that where the defendant knew he had the right to object and affirmatively decided not to object, the defendant waived his right to appeal); *United States v. Knorr*, 942 F.2d 1217, 1221 (7th Cir. 1991) (stating that the defendant waived his Rule 32 rights by participating in the sentencing without objection based on the shortened time period); *United States v. Busche*, 915 F.2d 1150, 1151 (7th Cir. 1990) (stating that the defendant waived his Rule 32 rights when neither the defendant nor his lawyer asked for additional time). Here, Jacques filed a motion with the District Court requesting the time guaranteed by Rule 32 and the motion was denied. Any dicta in *Knorr* implying that the objection must occur at sentencing and cannot occur before sentencing would eliminate the distinction between forfeiture and waiver, and *Knorr* should not be read to create the requirement that defendants must object multiple times or waive their rights. By failing to object at the sentencing hearing, Jacques forfeited but did not waive her Rule 32 rights.

Because Jacques forfeited her rights under Rule 32, the District Court's decision to shorten the time to object to the PSR is reviewed for plain error. Plain error is an error that: (1) is plain or clear; (2) affected substantial rights; and (3) "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gray*, 332 F.3d 491, 492 (7th Cir. 2003). Appellants typically show

that an error affected substantial rights by proving that the error was prejudicial. *Id.* Jacques asserts that she was prejudiced by the shortened time period in two ways. First, Jacques claims she was denied the time needed to cooperate with the government and meet the final requirement for the Safety Valve provision of U.S. Sentencing Guidelines Manual § 5C1.2. Second, Jacques asserts that she did not have enough time to challenge the quality and purity of the recovered methamphetamine. However, Jacques has provided no evidence that an extra few days would have changed the outcome in her case. Jacques had three months with which to comply with U.S. Sentencing Guidelines Manual § 5C1.2 and did not do so. At the sentencing hearing Jacques never requested additional time to meet with the government and cooperate. As for the quality and purity of the methamphetamine attributed to her, Jacques had access to the government's laboratory report before she pled guilty. At no time prior to this appeal did Jacques ask to have the drugs re-tested or state any doubts regarding the quality and purity of the drug. Therefore, Jacques is unable to prove that the District Court committed plain error by denying her the statutory time to review the PSR.

The final issue for this Court to resolve is whether sanctions should be imposed on Jacques' counsel, James Tunick, for filing Appellant's Opening Brief after the time for filing expired. In light of Mr. Tunick's frequent service on appointed cases before this Court, his lack of timeliness in this case does not merit sanctions.

### III. Conclusion

The District Court erred by not granting Jacques the proper time period to review her PSR mandated by Rule 32. However, Jacques has not shown that this error affected her substantial rights. For the foregoing reasons, Jacques' sentence is AFFIRMED.

No. 03-1402

A true Copy:

  Teste:

                          _____
                          *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*