**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Barbara MOORE, Defendant–**
**Appellant.**

No. 03–3560.

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.

Decided May 14, 2004.

Stuart D. Fullerton, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Barbara Moore, Danbury, CT, pro se.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

### ORDER

Barbara Moore pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343, and waived in one part of her written plea agreement her right to appeal issues that might have been available if she had exercised her right to trial. The district court sentenced her to 52 months' imprisonment, a three-year term of supervised release, a fine of $2000, and a special assessment of $100. Moore filed a notice of appeal, but her appointed lawyer moves to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to Circuit Rule 51(b), Moore received notice of counsel's motion but did not reply. Because counsel's brief is facially adequate, we limit our review to the potential issues counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We agree with counsel that those potential issues are frivolous and thus grant counsel's motion to withdraw and dismiss Moore's appeal.

Because Moore informed counsel of her desire to withdraw her guilty plea, counsel first considers whether Moore could argue that her plea was not knowing or voluntary—an argument that was not foreclosed under her plea agreement. Moore did not seek to withdraw her plea before the district court, so we would review the plea colloquy only for plain error. *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). We agree with counsel that, given the district court's thorough compliance with Rule 11, any argument would be frivolous. *See United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). Of particular importance for our purposes, the court explained the consequences of Moore's waiver of appellate rights. Fed.R.Crim.P. 11(b)(1)(N).

Counsel next contemplates whether Moore could challenge her sentence but concludes that any argument would be barred by the appellate waiver in her written plea agreement. In that agreement, Moore "knowingly waive[d] the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined." We have upheld appellate waivers of similar language, so long as they are valid, voluntary, and within the statutory maximum. *See, e.g., United States v. Mason,* 343 F.3d 893, 893–894 (7th Cir.2003). In this case, the district court substantially complied with Rule 11, so we determine that Moore knowingly and voluntarily entered into this plea agreement. Furthermore, Moore's 52-month sentence was within the five-year statutory maximum at the time (in 2002 Congress amended the maximum penalty to 20 years, Pub.L. 107–204, § 903(b)), and there is no hint of a constitutional violation from the record. We agree with counsel that any argument regarding sentencing would be frivolous.

Counsel then considers whether Moore could argue that the district court violated her rights when it scheduled the sentencing hearing only 29 days after she received the presentence report (rather than the 35 days required under Fed. R.Crim.P. 32(e)(2)). Under Rule 32(e)(2), the probation officer must give the defendant the minimum required notice unless the defendant waives this minimum period. Fed.R.Crim.P. 32(e)(2); *United States v. Jacques,* 345 F.3d 960, 962 (7th Cir.2003). This argument, however, would be foreclosed by Moore's plea agreement, in which she expressly waived her right to appeal any sentence within the statutory maximum. *See United States v. Behrman,* 235 F.3d 1049, 1051 (7th Cir.2000) (there is no general "constitutional-argument exception" to appellate waivers in plea agreements). In any event, Moore expressed satisfaction with the opportunity she had

to review the presentence report during a two and a half hour recess, so she waived her Rule 32 rights. *See Jacques,* 345 F.3d at 962 (waiver extinguishes any error and precludes appellate review). And even if we characterize Moore's participation without further objection in the sentencing as her forfeiting her rights rather than waiving them, she cannot show that the error prejudiced her or affected her substantial rights in any way. *See id.* at 963. Any argument on this ground would be frivolous.

Finally, counsel considers a potential argument based on ineffective assistance of trial counsel in negotiating the plea agreement. Claims about trial counsel's ineffectiveness, however, are better saved for collateral review where the record is directed toward examining the reasons underlying counsel's choices and tactics. *See United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003).

We GRANT counsel's motion to withdraw and DISMISS the appeal.