**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006[*]
Decided January 25, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2780

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>WEYLIN M. SHURN,<br>*Defendant-Appellant.* | Appeal from the United States<br>District Court for the Eastern<br>District of Wisconsin.<br><br>02 CR 147<br><br>Charles N. Clevert, Jr.,<br>*Judge.* |

**O R D E R**

Weylin M. Shurn was convicted after a bench trial of armed bank robbery, 18 U.S.C. § 2113(a), (d); conspiracy to commit armed bank robbery, *id*. §§ 371, 2113(a), (d); and use of a firearm in the course of the armed bank robbery, *id*.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 924(c)(1).  This case now comes back to us after we previously vacated the judgment on the parties' joint motion for resentencing.

Shurn and three co-conspirators robbed the Guardian Credit Union in Milwaukee, Wisconsin.  In the course of the April 2002 robbery, Shurn chased and physically restrained a teller who tried to run from the bank.  The district court originally departed above the applicable range of 100 to 125 months under the sentencing guidelines and sentenced Shurn to concurrent prison terms of 145 months on the robbery and conspiracy counts.  The court also sentenced Shurn on the firearm count to a consecutive term of 120 months, the mandatory minimum for that offense because the firearm was discharged.  18 U.S.C. § 924(c)(1)(A)(iii), (D)(ii).  Shurn received concurrent terms of supervised release ranging from three to five years and was ordered to pay over $19,000 in restitution.

On Shurn's initial appeal, the government conceded that the district court erred in calculating the bank's losses to include salaries paid to employees for the day after the robbery while the bank was closed as well as medical expenses of the teller Shurn restrained.  This error resulted in Shurn receiving a one-level upward adjustment in his offense level under the sentencing guidelines for causing over $10,000 in losses.  U.S.S.G. § 2B3.1(b)(7)(B).  On remand the district court eliminated this increase but then misstated the resulting total offense level as 24 instead of 26 and overlooked the upward departure imposed at the original sentencing.  The court resentenced Shurn on the robbery and conspiracy counts to concurrent terms of 96 months in prison.  That term is at the high end of the range based on a total offense level of 24 and Shurn's criminal history category of IV.  Given the true total offense level of 26, however, 96 months is near the low end of the correct range of 92 to 115 months even ignoring the upward departure.  The district court also reinstated the consecutive 120-month term on the firearm count and reduced the restitution amount to $4,542.

Shurn now appeals from the district court's sentence on remand, but his appointed counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous argument to present.  Shurn filed a response to counsel's submission under Circuit Rule 51(b).  Since counsel's brief is facially adequate, we will consider only the potential issues identified in counsel's brief and Shurn's response.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

As an initial matter, both counsel and Shurn identify a number of possible issues regarding events at or before trial.  Counsel also discusses other guideline adjustments that were imposed at the original sentencing but not challenged during the initial appeal.  None of these issues would be properly before us since they were beyond the scope of the remand.  When an issue could have been raised in the

initial appeal and was not, that issue is waived and is beyond the scope of the remand. *United States v. Sumner*, 325 F.3d 884, 891 (7th Cir. 2003); *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002). In addition, if the remand order "identifies a discrete, particular error" that the district court can fix without having to revisit other issues, the remand is "limited to correcting that error." *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996); *see also United States v. Jackson*, 186 F.3d 836, 838 (7th Cir. 1999). Our order in the prior appeal says explicitly that the remand was for resentencing after correction of the loss amount. *United States v. Shurn*, No. 03-2325 (7th Cir. June 24, 2004). Furthermore, it was Shurn himself who asked for the remand, and in the unopposed motion he filed, Shurn represented to us that the only issue that could be raised in that appeal was the loss calculation. *See* Unopposed Motion to Suspend Briefing and Remand for Re-sentencing, Pursuant to Circuit Rule 57 at 8-9. That issue was resolved by our remand order, and at that point all other arguments that Shurn might have raised in his initial appeal were waived. He cannot revive them now simply because of "the accident of a remand," *Parker*, 101 F.3d at 528, and so we agree with counsel that all possible issues involving events before Shurn's resentencing are precluded.

Finally, counsel questions whether Shurn might argue that his overall sentence as amended is unreasonable. An argument about reasonableness—at least from Shurn—would be particularly frivolous in this case. At the resentencing the district court did not rescind any guideline adjustment except the single offense level at issue in the earlier appeal, nor did the district court give any indication that the psychological harm inflicted on the teller Shurn restrained was no longer an appropriate basis to sentence above the guidelines range. Rather, when the effect of the upward departure is factored in, it appears that the court inadvertently reduced Shurn's total offense level by the equivalent of six levels instead of the one level the court intended. Even without the departure, though, the court should have calculated a range of 92 to 115 months on the robbery and conspiracy counts given that the total offense level is 26, not 24. Shurn's concurrent sentence of 96 months on each of these counts is near the bottom of the properly calculated range and thus presumptively reasonable, *United States v. Cunnigham*, 429 F.3d 673, 675 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and the consecutive term of 120 months he received for the firearm count is not subject to challenge because it was statutorily required, *United States v. Henry*, 408 F.3d 930, 935 (7th Cir. 2005). Neither counsel nor Shurn identifies any factor under 18 U.S.C. § 3553(a) that would lead us to conclude that the district court was compelled to impose even less time on the robbery and conspiracy counts.

We have noticed one other potential issue that counsel and Shurn have overlooked. Shurn's sentence of 96 months' imprisonment for the conspiracy count exceeds the statutory maximum of 60 months' imprisonment. *See* 18 U.S.C. § 371. However, since Shurn did not object to the conspiracy count on this basis in the

district court, he would have to show plain error. *United States v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004). This he could not do because he was also given a concurrent sentence of 96 months on the armed bank robbery count. Shurn would still have to serve 96 months even if we were to order that his conspiracy sentence be reduced to the statutory maximum. We have recently held that when defendants are given concurrent prison terms on multiple counts, the fact that one of those terms may exceed the statutory maximum does not affect the fairness, integrity, or public reputation of the proceedings if the total imprisonment imposed does not exceed the aggregate statutory maximum for those counts. *See United States v. Gray*, 332 F.3d 491, 493 (7th Cir. 2003) (holding that defendant failed to establish plain error where each of three concurrent prison terms exceeded statutory maximum for individual count of conviction but was less than aggregate statutory maximum for all three offenses); *see also United States v. Hernandez*, 330 F.3d 964, 982–84 (7th Cir. 2003) (holding that defendant failed to establish plain error where three of four concurrent prison terms exceeded statutory maximum for individual count of conviction but were less than aggregate statutory maximum for all four offenses). The aggregate statutory maximum for Shurn's robbery and conspiracy counts is 30 years, *see* 18 U.S.C. §§ 2113(a), (d), 371, which is more than the 96 months or eight years he actually received for both of these counts. Furthermore, Shurn was given the appropriate supervised release term and special assessment for the conspiracy count. Therefore, this potential issue is frivolous.

For the foregoing reasons, counsel's motion is GRANTED, and the appeal is DISMISSED.