UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2006
Decided April 7, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1751

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 04-CR-637-1 |
| JUAN ANGULO-HERNANDEZ, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Juan Angulo-Hernandez was convicted after a bench trial of three counts of perjury in violation of 18 U.S.C. § 1623. The district court sentenced him at the bottom of the recommended guidelines range to three, concurrent 97-month terms of imprisonment to be followed by concurrent two-year terms of supervised release. Appointed counsel filed a notice of appeal but now moves to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). For his part, Angulo-Hernandez accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel and Angulo-Hernandez. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Angulo-Hernandez was indicted for perjury after he testified at Fidel Garcia's drug trial. The grand jury alleged that his testimony at Garcia's trial was patently inconsistent with statements he made under oath when he pleaded guilty to conspiring with Garcia and another codefendant to possess and distribute cocaine. *See* 18 U.S.C. § 1623(c). Angulo-Hernandez opted for a bench trial on the perjury charges but nonetheless admitted to making the inconsistent statements alleged in the indictment. Specifically, he conceded under cross-examination that during the plea colloquy on his drug charge he admitted to speaking with Garcia by phone and ordering six kilograms of cocaine, agreeing to purchase the six kilograms from Garcia for $20,000 each, and meeting with Garcia and the second codefendant prior to delivering the cocaine. He also admitted that at Garcia's trial over a year later he had denied this very same conduct. Angulo-Hernandez explained at his perjury trial that he did not understand the terms of his plea agreement in his drug case and that his lawyer at the time had "coerced" him into making false statements during the plea colloquy. He also insisted that, even though a Spanish-language interpreter relayed the questions presented to him at his plea hearing, he did not understand the questions. The district court found Angulo-Hernandez guilty on all three perjury counts.

Counsel and Angulo-Hernandez first consider whether Angulo-Hernandez might argue that the government's evidence was insufficient to sustain his perjury convictions. Counsel asserts that we would review any challenge to the sufficiency of the evidence for plain error because Angulo-Hernandez's trial counsel never renewed his motion for judgment of acquittal at the close of the evidence or moved for new trial on that basis, but a motion under Federal Rule of Criminal Procedure 29 for judgment of acquittal is not necessary in a bench trial to preserve an appellate challenge to the sufficiency of the evidence. *United States v. South*, 28 F.3d 619, 627 (7th Cir. 1994); *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (en banc). Still, counsel's error concerning the standard of review does not defeat her analysis. In considering the sufficiency of evidence, we view the evidence in the light most favorable to the government and will reject the challenge if "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see United States v. Carrillo*, 435 F.3d 767, 775 (7th Cir. 2006). To prove perjury under § 1623, the government had to show that Angulo-Hernandez made irreconcilably contradictory declarations under oath, but did not have to prove which of the declarations was false. *See Dunn v. United States*, 442 U.S. 100, 104 (1979); *United States v. Jaramillo*, 69 F.3d 388, 390 (9th Cir. 1995); *United States v. McAfee*, 8 F.3d 1010, 1014 (5th Cir. 1993).

Angulo-Hernandez admitted making the inconsistent statements alleged in the indictment, and he does not contend that what he said at his plea colloquy about negotiating a drug deal with Garcia can be squared with his denial of that

transaction when he testified at Garcia's trial.  Indeed, at his perjury trial, Angulo-Hernandez insisted that what he said about the deal during his plea colloquy was false, but he argues now that his statements from the colloquy cannot "sustain the charge of perjury" because his attorney "coerced" him to make them. The type of "coercion" Angulo-Hernandez describes, however, cannot serve as a defense to a criminal charge. *See United States v. Tokash*, 282 F.3d 962, 969 (7th Cir. 2002) (holding that defense of coercion requires evidence of imminent fear of death or serious bodily harm and the absence of reasonable legal alternatives to avoid the threat).  And Angulo-Hernandez cannot otherwise challenge the voluntariness of his guilty plea on his drug conviction here.  We therefore agree with counsel that any appeal on this basis would be frivolous.

Counsel and Angulo-Hernandez next consider whether Angulo-Hernandez could challenge the reasonableness of his overall prison sentence.  We have held that a sentence within a properly calculated guideline range is presumptively reasonable. *United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Here the guidelines calculation recommended by the probation officer and accepted by the court yielded an imprisonment range of 97 to 121 months.  In choosing to impose 97 months, the district court first considered the factors in 18 U.S.C. § 3553(a), including the need for punishment and deterrence, Angulo-Hernandez's prior criminal conduct, and the kind of sentences available.  The district court then exercised its discretion to run the first 73 months of the overall sentence concurrent with Angulo-Hernandez's undischarged term of imprisonment on the drug conviction, effectively reducing the punishment for the perjury conviction to 24 months. *See* U.S.S.G. § 5G1.3(c).  Thus we agree with counsel that this potential claim would be frivolous because Angulo-Hernandez cannot rebut the presumption of reasonableness. *See Mykytiuk*, 415 F.3d at 608.

Counsel also considers whether Angulo-Hernandez could argue that trial counsel's failure to file a post-trial motion challenging the sufficiency of the evidence constituted ineffective assistance of counsel.  Here again counsel starts with the flawed premise that a motion for judgment of acquittal was necessary to preserve a sufficiency argument for appeal, and since no motion was required, it would be frivolous to label trial counsel deficient for not filing one.  In addition, we have often instructed that generally it is better to bring a claim of ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255 where the record necessary to support the claim can be developed. *E.g.*, *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003); *see Massaro v. United States*, 538 U.S. 500, 504-05 (2003).  This case is no exception.

Finally, we have noticed one other potential issue that counsel and Angulo-Hernandez fail to identify.  The 97-month term of  imprisonment imposed

for each perjury count exceeds the statutory maximum of 60 months.  *See* 18 U.S.C. § 1623(a).  Angulo-Hernandez did not object to this discrepancy in the district court, so any argument now would be reviewed only for plain error, *see United States v. Hernandez*, 330 F.3d 964, 982 (7th Cir. 2003), and would be frivolous.  When a defendant is given concurrent prison terms on multiple counts, the fact that one or more of those terms exceeds the statutory maximum does not constitute plain error so long as the total imprisonment imposed does not exceed the aggregate maximum for those counts.  *United States v. Gray*, 332 F.3d 491, 493 (7th Cir. 2003); *Hernandez*, 330 F.3d at 982-84.  Although the statutory maximum on any one count of perjury is five years, *see* 18 U.S.C. § 1623(a), the aggregate statutory maximum for Angulo-Hernandez's three perjury counts is 15 years, which is more than the 97 months he actually received for all three counts.  Moreover, because the district court ran the first 73 months of Angulo-Hernandez's overall sentence concurrently with his undischarged term of imprisonment on his drug conviction, Angulo-Hernandez will effectively serve only 24 months or two years' additional imprisonment on the perjury charges, which is well below the statutory maximum for any of the perjury counts.  Thus he cannot show that his sentence affected the fairness integrity, or public reputation of the proceedings on this basis.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.