UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006
Decided December 8, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1961

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04-CR-298-1 |
| MICHAEL WEST, *Defendant-Appellant.* | Blanche M. Manning, *Judge.* |

**O R D E R**

Michael West pleaded guilty to possessing and conspiring to possess contraband while detained in a federal facility. *See* 18 U.S.C. §§ 1791(a)(2), (b)(1), 371. The district court subsequently sentenced West to 130 months' imprisonment. West has filed a notice of appeal, but his appointed counsel now moves to withdraw, stating that he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). West has accepted our invitation to respond to counsel's submission (by filing a "Brief in Support of Motion Why I Need Another Appellate Counsel"), *see* Cir. R. 51(b), so we will review only the potential issues identified in counsel's facially adequate brief and West's response, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

West was charged in 2003 with wire fraud for his participation in a scheme to defraud Geico Insurance Company through false insurance claims. *See* 18 U.S.C. § 1343. While West was detained at the Metropolitan Correctional Center in Chicago awaiting resolution of that charge, he was caught taking part in a conspiracy to smuggle heroin into the facility. His primary role in the conspiracy was to instruct his family members to visit other detainees in the facility and provide them with heroin concealed in bags of snack food.

West subsequently entered into a plea agreement in which he pleaded guilty to the possession of contraband, conspiracy, and wire-fraud charges. After the district court accepted West's guilty plea, it calculated a guidelines imprisonment range of 130 to 162 months, imposed a sentence of 130 months, and ordered the sentences for West's possession of contraband and conspiracy convictions to run concurrently.

Counsel first advises us that West does not wish to withdraw his guilty plea. He therefore appropriately refrains from discussing potential challenges to West's plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel then examines whether West could challenge his sentence on appeal, first focusing on whether West could argue that the district court incorrectly calculated the guidelines imprisonment range. West did not challenge the calculation of the guidelines before the district court. Thus, our review would be for plain error, *see United States v. Jaimes-Jaimes*, 406 F.3d 845, 849 (7th Cir. 2005), and counsel concludes that the district court did not plainly err when calculating the guidelines range.

In his response to counsel's *Anders* submission, however, West asserts that the district court incorrectly applied U.S.S.G. § 3D1.2(d) to group the possession of contraband and conspiracy convictions when calculating the base offense level. Namely, West states that § 3D1.2(d) prohibits the grouping of possession of contraband convictions because such convictions are governed by § 2P1.2. *See* U.S.S.G. § 3D1.2(d). However, the district court grouped West's possession and conspiracy convictions not under § 3D1.2(d), but rather under § 3D1.2(b). *See id.* § 3D1.2(d) ("Exclusion of an offense from grouping under this section does not necessarily preclude grouping under another subsection."). Moreover, § 3D1.2(b) specifically directs courts to group counts "[w]hen one count charges a conspiracy . . . and the other charges a substantive offense that was the sole object of the conspiracy." *Id.* § 3D1.2(b) application n.4; *see also United States v. Scott*, 145 F.3d 878, 885-86 (7th Cir. 1998). It therefore would be frivolous for West to argue that the district court erred by grouping his possession of contraband and conspiracy convictions.

West also states that he could argue that the district court erroneously increased the offense level for his possession of contraband and conspiracy convictions by four levels when it determined that he was "an organizer and leader" of the heroin-smuggling conspiracy. *See* U.S.S.G. § 3B1.1(a). He asserts without elaboration that he "was not the organizer or the leader." But West did not need to be *the* organizer or *the* leader for the enhancement to apply, *see United States v. Wasz*, 450 F.3d 720, 729-30 (7th Cir. 2006), he needed merely to "'have organized or in some way directed'" another member of the conspiracy, *see United States v. Hanhardt*, 361 F.3d 382, 393-94 (7th Cir. 2005) (internal citation omitted), *vacated on other grounds*, *Altobello v. United States*, 543 U.S. 1097 (2005). West admitted in the plea agreement that he facilitated the smuggling of heroin by instructing his family members to meet with other inmates and furnish them heroin. This admission, which we take as true, *see United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001), substantiates the district court's finding that West acted as an "organizer or leader" in the heroin-smuggling conspiracy, *see Wasz*, 450 F.3d at 729-30. Thus, it would be frivolous for West to argue that the district court erred by increasing his offense level for being an "organizer or leader" of the conspiracy.

Counsel next considers whether West could argue that his 130-month sentence was unreasonable because the district court did not adequately consider the sentencing factors outlined in 18 U.S.C. § 3553(a). Under *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005), we presume that a sentence imposed within the guidelines range is reasonable unless the defendant points to § 3553(a) factors that support a lower sentence. Although the Supreme Court recently granted *certiorari* to consider whether this presumption conflicts with its ruling in *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 2006 WL 2307774 (U.S. Nov. 03, 2006) (No. 06-5754), the resolution of that case would not affect our conclusion that a challenge to West's sentence would be frivolous. Here, the district court adequately discussed the § 3553(a) factors before deciding that a sentence at the bottom of the guidelines range was appropriate. For instance, the court specifically considered West's substantial criminal history when it noted his 48 criminal history points and his past drug-related convictions. *See* 18 U.S.C. § 3553(a)(1). It also determined that a 130-month sentence would satisfy the sentencing goals of deterrence and rehabilitation. Namely, the court concluded that the sentence would prevent West from committing further crimes, and allow him to participate in "some kind of treatment" that could held him achieve "some semblance of a decent life at some point in time." *See id.* § 3553(a)(2)(D). The district court did not need to recite the § 3553(a) factors in a "'checklist fashion,'" *United States v. Farris*, 448 F.3d 965, 969 (7th Cir. 2006) (quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)), and it did not ignore any of West's arguments for a lower sentence, *see United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005). Thus, it would be

frivolous for West to argue that the sentence was unreasonable or that the court failed to adequately explain its reasons for imposing the sentence that it did.

Next, counsel examines whether West could argue that his sentence was unlawful because it exceeded the statutory 60-month maximum sentence for the conspiracy conviction. *See* 18 U.S.C. § 371. West did not object to this discrepancy in the district court and so we would review the district court's sentence for plain error. *See United States v. Hernandez*, 330 F.3d 964, 982 (7th Cir. 2003). When a defendant is given concurrent prison terms on multiple counts, the fact that one or more of those terms exceeds the statutory maximum does not constitute plain error as long as the total sentence imposed does not exceed the aggregate maximum for those counts. *See United States v. Gray*, 332 F.3d 491, 493 (7th Cir. 2003); *Hernandez*, 330 F.3d at 982-84. The aggregate statutory maximum for West's convictions was, in fact, 300 months—60 months for the conspiracy conviction, *see* 18 U.S.C. § 371, and 240 months for possessing contraband, *see id.* § 1791(b)(1). The district court thus did not plainly err in imposing the 130-month sentence, and it would be frivolous for West to argue otherwise.

Finally, in his *Anders* response West identifies several additional arguments that he could make on appeal, but these potential arguments are vague and undeveloped, and thus need not be addressed here. *See United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.