NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 17, 2013
Decided October 24, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-3875

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:12-cr-00255-1 |
| KAVLIN B. HARRIS, *Defendant-Appellant.* | Edmond E. Chang, *Judge.* |

**O R D E R**

On two occasions in 2010, an informant bought crack cocaine from Kavlin Harris on a street corner in one of Chicago's poorest neighborhoods. The FBI arrested Harris after the second transaction, and he pleaded guilty to two counts of distributing crack in violation of 21 U.S.C. § 841(a)(1). Those two sales alone totaled 136 grams. Prior state convictions for second-degree murder and dealing cocaine made Harris a career offender, *see* U.S.S.G. § 4B1.1(a), with a guidelines imprisonment range of 188 to 235 months. The district court sentenced Harris to a total of 120 months and ordered him to repay the $3,870 he received from the informant. Harris filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738 (1967). Harris opposes counsel's motion. *See* Cir. R. 51(b).

Counsel begins by noting that Harris has said he is satisfied with his guilty pleas and does not seek to have them set aside. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel has identified several potential sentencing issues, starting with whether Harris might argue, based on *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013), that he should not have been subject to a statutory minimum prison term of five years on each count. In *Alleyne* the Supreme Court extended the rationale of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and concluded that ordinarily a jury must find beyond a reasonable doubt any fact that increases a minimum statutory penalty. For Harris, though, an appellate claim relying on that decision would be frivolous. Both counts of the indictment allege a crack amount sufficient to trigger a five-year minimum term. *See* 21 U.S.C. § 841(b)(1)(B)(iii). By pleading guilty and admitting the amounts alleged, Harris waived his right to a jury determination and also established those amounts beyond a reasonable doubt. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case."); *United States v. Collins*, 272 F.3d 984, 987-88 (7th Cir. 2001) (noting that defendant waived right to jury determination of drug quantity by stipulating to amount of crack cocaine involved in case); *see also United States v. Yancy*, 725 F.3d 596, 601-02 (6th Cir. 2013) (explaining that *Alleyne* does not alter rule that, for statutory enhancements, defendant's guilty plea and admissions during plea colloquy relieve government of burden of proving facts to jury beyond a reasonable doubt).

Both the lawyer and Harris next discuss whether the defendant could argue that it was error to apply the career-offender guideline. *See* U.S.S.G. § 4B1.1(a). We agree with counsel that an appellate claim would be frivolous; Harris's convictions in Illinois for second-degree murder, 720 ILCS 5/9-2 (1994), and delivery of a controlled substance, 720 ILCS 570/401 (2004), are respectively convictions for a crime of violence and a controlled substance offense. *See* U.S.S.G. 4B1.2(a)(1), (b), cmt. n.1.

In a Rule 51(b) response, Harris contends that he is not a career offender because, he says, his conviction arising from a beating death in 1995 was for "manslaughter," not second-degree murder, and the conviction involving cocaine in 2008 was for possession, not delivery.[1] Harris further contends that the district court erred by allowing the

---

[1] Apart from exceptions not relevant here, Illinois has not recognized "manslaughter" as a crime since 1987. *See* P.A. 84-1450 § 9-2 (effective July 1, 1987); *Moleterno v. Nelson*, 114 F.3d 629, 630-31 (7th Cir. 1997). The state's criminal code defines "involuntary manslaughter" as a crime, 720 ILCS 5/9-3 (1994), but that offense is not a crime of violence. *United States v. Woods*, 576 F.3d 400, 412-13 (7th Cir. 2009).

probation officer to rely upon police reports in establishing the facts underlying his convictions. *See generally Shepard v. United States*, 544 U.S. 13 (2005).

The presentence report lists convictions for "Second Degree Murder" and "Delivery of a Controlled Substance," and for both of these convictions the probation officer's supervisor personally identified the crime by reviewing the file from the state court. (The supervisor also confirmed that Harris incurred *another* drug conviction in 2008; that one was for possession of cocaine.) In a sentencing memorandum, Harris's lawyer accepted that the two convictions are described accurately in the presentence report, and counsel also advised the district court that Harris "does not disagree" with the probation officer's assessment that he is a career offender. Counsel repeated that concession in open court during the sentencing hearing. We have held that a district judge does not commit error by relying on an unchallenged presentence report in identifying a defendant's prior convictions, *United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010); *United States v. Thornton*, 463 F.3d 693, 700-01 (7th Cir. 2006), and thus Harris's proposed argument would be frivolous. Moreover, the contention was waived when his lawyer expressly concurred with the probation officer's assessment. *See United States v. Adcock*, 534 F.3d 635, 641 (7th Cir. 2008); *United States v. Sensmeier*, 361 F.3d 982, 986-87 (7th Cir. 2004). Finally, the probation officer's resort to police reports in describing the conduct underlying Harris's qualifying convictions is irrelevant; the facts did not matter to the outcome.

Next, counsel and Harris question whether Harris could argue that his prison sentences are unreasonably long. Counsel asserts that any argument Harris might make would be frivolous, and we agree. The concurrent terms are significantly below the guidelines range and thus presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jones*, 696 F.3d 695, 700 (7th Cir. 2012). Nothing about this case would seem to warrant an exception to that presumption, but Harris asserts that the career-offender guideline overstates the seriousness of his prior convictions. He also insists that the district judge gave too little weight to his family ties and the positive changes he purportedly has made since his arrest. *See* 18 U.S.C. § 3553(a). The judge considered those contentions, however, when deciding to impose an overall prison sentence more than five years less than the guidelines minimum. The judge's decision to weigh mitigating factors differently than a defendant does not make the resulting sentence unreasonable. *See United States v. Annoreno*, 713 F.3d 352, 360-61 (7th Cir. 2013); *United States v. Farris*, 532 F.3d 615, 620 (7th Cir. 2008).

Harris proposes four other arguments in response to counsel's *Anders* submission. All would be frivolous. First, Harris would contend that 120 months' imprisonment creates an unwarranted disparity between his sentence and those of other members in his drug circle who were prosecuted in unrelated cases for drug crimes. Yet a district court necessarily considers the goal of avoiding unwarranted

disparity when it imposes a sentence consistent with the guidelines. Gall v. United States, 552 U.S. 38, 54 (2007); United States v. Turner, 604 F.3d 381, 389 (7th Cir. 2010).

Second, Harris would argue that he was deprived of due process because, he says, he received the presentence report less than two weeks before sentencing instead of the 35 days allotted by the rules of procedure. *See* FED. R. CRIM. P. 32(e)(2); N.D. ILL. LOC. R. 32.1(f). In fact, the district court's docket shows that the presentence report was available to the parties 32 days before sentencing. And although, absent waiver, that still is less than the rules provide, Harris and his lawyer did not complain during the sentencing hearing and thus on appeal could not make an issue of the late disclosure. *See United States v. Jacques*, 345 F.3d 960, 962-63 (7th Cir. 2003); *United States v. Knorr*, 942 F.2d 1217, 1221 (7th Cir. 1991).

Third, Harris would contest the district court's directive that, as a condition of supervised release, he reimburse the government the amount the informant gave him to buy crack. That directive was appropriate. *See United States v. Anderson*, 583 F.3d 504, 509 (7th Cir. 2009) (explaining that sentencing court may not order repayment of costs of investigation as restitution but may do so as a special condition of supervised release); *United States v. Cook*, 406 F.3d 485, 489 (7th Cir. 2005) (explaining that repayment of investigatory expenses can be a special condition of supervised release). Contrary to his assertion, Harris is not required by the judgment to repay the money immediately.

And last, Harris wishes to contest his assignment to a federal prison in North Carolina rather than a facility closer to Chicago. The district court did recommend that Harris be assigned to a facility as close to Chicago as possible, but the Bureau of Prisons controls housing decisions and did not follow that recommendation. The federal courts do not have the power to direct prison administrators to assign a defendant to a particular facility. *See* 18 U.S.C. § 3621(b); *Tapia v. United States*, 131 S. Ct. 2382, 2390-91 (2011).

Accordingly, we **GRANT** counsel's motion to withdraw, **DENY** Harris's motion for the appointment of new counsel, and **DISMISS** the appeal.