NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 19, 2016
Decided January 20, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-3502 | Appeal from the United States District Court |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 736-1 |
| MICHAEL STARNES, *Defendant-Appellant*. | James F. Holderman, *Judge*. |

## O R D E R

On three occasions Michael Starnes ordered cocaine from suppliers in Chicago for distribution in his hometown of Fort Wayne, Indiana. Each time he instructed his sister Misheela Belcher to drive from Fort Wayne to Chicago—once by herself—to retrieve the drugs. Starnes assigned this task to Belcher because, unlike him, she had a valid driver's license and no criminal record. On the third trip back to Fort Wayne, Starnes and Belcher were arrested after agents from the Drug Enforcement Administration stopped and searched Belcher's car. Starnes pleaded guilty to possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and the district court sentenced him to 77 months' imprisonment.

Starnes filed a notice of appeal, but his appointed lawyer, who also represented him in the district court, asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses a possible ground for appeal. Starnes discusses that same potential issue in his opposition to counsel's motion. *See* 7TH CIR. R. 51(b). We limit our review to the issue that counsel and Starnes discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Starnes has no interest in challenging either his guilty plea or the conditions of his supervised release, and thus counsel appropriately omits discussion concerning the adequacy of the plea colloquy, the voluntariness of the plea, and the conditions which Starnes must comply with upon release. *United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

In calculating a total offense level of 26, the district court applied a 3-level upward adjustment under U.S.S.G. § 3B1.1(b) after finding that the crime involved at least five participants and that Starnes had managed or supervised his sister. Starnes proposes to challenge this upward adjustment, but counsel concludes that an appellate claim would be frivolous. We agree with counsel.

Section 3B1.1(b) provides for a 3-level increase if the defendant managed or supervised at least one other member of a criminal activity involving five or more people. *United States v. Figueroa*, 682 F.3d 694, 697 (7th Cir. 2012); *United States v. Hussein*, 664 F.3d 155, 163 (7th Cir. 2011). At sentencing defense counsel did not pursue his previous written objection to the probation officer's assessment that Starnes had managed or supervised his sister by directing her to transport the cocaine on his behalf. Rather, counsel told the district court that the defendant's challenge concerned the number of participants. Thus, Starnes forfeited, if not waived, objection to the district court's adoption of the leadership finding. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 847 (7th Cir. 2005) (explaining that waiver precludes appellate review, while failure to timely object results in forfeiture subject to plain-error review); *United States v. Jacques*, 345 F.3d 960, 962 (7th Cir. 2003) (same). The finding that Starnes had managed his sister would survive review for plain error, so an appellate claim under § 3B1.1 must rest on Starnes's contention that the criminal activity did not involve five or more participants (the increase would have been 2 levels, not 3, if the criminal activity involved fewer than five participants, *see* U.S.S.G. § 3B1.1(c)).

Starnes and his sister count as two participants, and the district court also included the defendant's two Chicago suppliers, Charles James and Eduardo Rivera, and another man in Fort Wayne identified only as "Bobby." In his Rule 51(b) response, Starnes proposes to challenge the inclusion of the suppliers; they were not participants in his crime, says Starnes, but rather independent sellers. *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002) (explaining that "simply distributing drugs in a buyer-seller relationship" does not trigger § 3B1.1). Defense counsel waived that argument at sentencing, however, by conceding: "Under my count, it's James, Rivera, Belcher and Starnes. That's four."

That leaves Starnes to question only the inclusion of "Bobby," whom Belcher described as the defendant's "drug associate" when she told a grand jury that Bobby retrieved the cocaine from her trunk after the one trip she made alone to Chicago. Although this information about Bobby is sparse, Starnes did not present evidence contradicting his sister's use of the label "drug associate," and the district court was entitled to infer from Belcher's characterization that Bobby had assisted Starnes in distributing cocaine. *See United States v. Grigsby*, 692 F.3d 778, 790–91 (7th Cir. 2012) (concluding that sentencing court did not commit clear error in crediting coconspirators' testimony in applying § 3B1.1); *United States v. Mendoza*, 576 F.3d 711, 717–718 (7th Cir. 2009) (explaining that sentencing court may rely on coconspirators' statements in applying § 3B1.1). Thus, it would be frivolous for Starnes to argue that the district court erred in relying on his sister's testimony to find that Bobby participated in the criminal activity.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.