NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022
Decided October 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 22-1334

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:21CR00042-001 |
| DAVID STONE III, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

David Stone pleaded guilty to conspiring to distribute and to possess with intent to distribute heroin and fentanyl, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 120 months in prison and five years of supervised release. He appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We notified Stone of the motion, *see* 7TH CIR. R. 51(b), and he did not respond. Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind would be expected to involve; because

counsel's analysis appears thorough, we limit our review to the subjects he raises. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

While jailed in Ashland County, Wisconsin, Stone coordinated drug trafficking over the telephone. Law-enforcement agents recorded the calls because they had received tips that Stone was trafficking large amounts of drugs from Minnesota for distribution in northwest Wisconsin. With information from three months' worth of calls, they arrested some of Stone's associates, who possessed large quantities of drugs and named Stone as the leader of the trafficking ring.

Stone pleaded guilty to conspiring to distribute and to possess with intent to distribute heroin and fentanyl. *See* 21 U.S.C. §§ 846, 841(a)(1). At the plea hearing, the district judge conducted a colloquy under Rule 11 of the Federal Rules of Criminal Procedure, accepted Stone's plea, and ordered the preparation of a presentence investigation report ("PSR").

In the PSR, which was issued 33 days before the sentencing hearing, the probation officer calculated a Guidelines base offense level of 30 using the converted drug weight attributable to Stone, whose associates had dealt pure methamphetamine in addition to other drugs. *See* U.S.S.G. § 2D1.1(a)(5), (c)(5) & cmt. nn.7, 8(B) & 8(D). Four levels were added because Stone organized or led a trafficking operation involving at least five people, *id.* § 3B1.1(a), and three levels were subtracted for acceptance of responsibility, *id.* § 3E1.1, for a total offense level of 31. Combined with a criminal-history category VI, the recommended Guidelines range was 188 to 235 months in prison. Finally, the probation officer calculated the supervised-release Guidelines range as four years.

Neither the government nor Stone objected to the PSR, but each filed a sentencing memorandum. The government asked for "lengthy" terms of imprisonment and supervised release given the extent of the trafficking and Stone's leadership from within a jail. Stone requested a 96-month sentence based on his intractable addiction to methamphetamine, kidney failure, and bleak upbringing in a "family of addicts."

At the sentencing hearing, the judge adopted the PSR without change and noted that the Guidelines overstate the severity of offenses involving pure methamphetamine compared to mixtures. And he stated that even without taking the purity into account, Stone would face a Guidelines range of 151 to 188 months. (The record does not suggest that the judge adopted this range despite taking note of it.) The judge also explained that although Stone had admitted to leading an extensive trafficking operation, a within-range sentence would be greater than necessary considering Stone's age (28),

impoverished background, lack of family support, drug addictions, and lack of lengthy prior sentences. He sentenced Stone to 120 months in prison. The judge also imposed five years of supervised release based on Stone's leadership role, substance abuse, and criminal history.

Counsel first informs us that he consulted with Stone, and Stone confirmed that he does not wish to challenge his guilty plea. Counsel thus properly refrains from discussing the plea's validity. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel next considers, and appropriately rejects, two potential challenges under Rule 32 of the Federal Rules of Criminal Procedure. The probation officer must disclose the PSR at least 35 days before sentencing, FED. R. CRIM. P. 32(e)(2), and Stone's PSR was released only 33 days before. But Stone did not object and agreed that he was ready for sentencing—thus forfeiting, if not waiving, the 35-day notice. Further, nothing in the record indicates a possibility of prejudice. *United States v. Jacques*, 345 F.3d 960, 962–63 (7th Cir. 2003). Counsel also considers whether to challenge the judge's failure to inform Stone that he had the right to appeal in forma pauperis. *See* FED. R. CRIM. P. 32(j)(1)(C). But Stone appealed anyway, so it would be frivolous to argue that this omission was anything but harmless. *See id.* R. 52(a).

Next, counsel correctly concludes that Stone could not plausibly challenge his sentence on procedural grounds. *See Gall v. United States*, 552 U.S. 38, 49–51 (2007). Challenging the calculation of his Guidelines imprisonment range would be frivolous. In finding that Stone was a leader or organizer and calculating the drug quantity, the judge used reliable information: the recordings of the jail phone calls, statements of Stone's associates, the seized drugs, and Stone's admissions. *See United States v. Valdez*, 739 F.3d 1052, 1053–55 (7th Cir. 2014); *United States v. Medina*, 728 F.3d 701, 705–06 (7th Cir. 2013); *United States v. Longstreet*, 567 F.3d 911, 928–29 (7th Cir. 2009). The judge also correctly calculated Stone's criminal-history category based on his prior convictions and his involvement in this conspiracy while on supervised release for a state offense. *See* U.S.S.G. § 4A1.1. And he applied the sentencing factors of 18 U.S.C. § 3553(a) and explained the below-Guidelines sentence. *See United States v. Beltran-Leon*, 9 F.4th 485, 492–93, 495 (7th Cir. 2021).

Counsel does not mention that the PSR incorrectly states the supervised release Guidelines range as "four years" when it should have said "four to five years." The default Guidelines range for Stone's crime, a Class B felony, is two to five years. *See* 18 U.S.C. § 3559; 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5D1.2(a)(1). But the statutory minimum is four years (with no maximum). 21 U.S.C. § 841(b)(1)(B). When ranges overlap this way, the low end of the Guidelines range merges with the statutory

minimum (here, four years), and the high end (five years) remains unchanged. *See* U.S.S.G. § 5D1.2(c) & cmt. n.6. A miscalculated range that is *higher* than the correct one is usually plain error. *Molina-Martinez v. United States*, 578 U.S. 189, 200–01 (2016). But here the miscalculated range was *lower* than the correct one, which could not have worked prejudice on Stone and so could not be the basis of a nonfrivolous argument on appeal.

Finally, counsel correctly concludes that Stone could not raise a nonfrivolous argument that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51. We would presume that Stone's below-Guidelines sentence is not unreasonably high. *See United States v. Dewitt*, 943 F.3d 1092, 1098 (7th Cir. 2019). And the judge thoroughly justified the sentence under the § 3553(a) factors by weighing Stone's leadership of an extensive trafficking operation and criminal history against his mitigating background and personal characteristics. Therefore, nothing in the record could rebut the presumption. *See id.* Moreover, we have never found a below-Guidelines sentence to be unreasonably high. *Id.* (citing *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005)).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.