UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 26, 2006
Decided November 9, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1687

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 05-30084-001 |
| DAVID C. MAUL, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

David Maul struggled with two federal officers who were sent to arrest him for violating the conditions of his supervised release, which had been imposed as part of his sentence for federal firearm convictions. Maul pleaded guilty to forcibly assaulting the officers, a misdemeanor. *See* 18 U.S.C. § 111(a). The district court sentenced him to 12 months' imprisonment (the statutory maximum, which fell below the guidelines range), one year of supervised release, and a $25 special assessment. Appointed counsel filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Maul responded to counsel's submission. *See* Cir. R. 51(b). Counsel's supporting brief is facially adequate, so we limit our review to the potential issues identified by counsel and Maul. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (*per curiam*).

Maul does not want his guilty plea set aside, and thus counsel appropriately has omitted any discussion of the adequacy of the plea colloquy or the voluntariness of Maul's plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). Both counsel and Maul, though, consider potential sentencing issues, beginning with the calculation of the guidelines imprisonment range. Maul's violation of § 111(a) is a Class A misdemeanor, *see* 18 U.S.C. §§ 111(a), 3559(a)(6), so the sentencing guidelines apply. *See* U.S.S.G. § 1B1.9.

Counsel first evaluates whether Maul might argue that the district court erred in applying a three-level upward adjustment under U.S.S.G. § 2A2.4(b) on the ground that Maul's offense "involved physical contact." At sentencing the two federal officers and another local police officer who assisted them testified that Maul struggled with all of them. It would be frivolous for Maul to argue that the district court committed clear error in crediting their testimony, especially since Maul did not even testify or offer any other contradictory evidence. The district court's decision is supported in the record, and Maul did not present any evidence to challenge its accuracy. *See United States v. Cross*, 430 F.3d 406, 412 (7th Cir. 2005) (explaining that a sentencing court's finding based on sworn testimony will not be disturbed on appeal unless the testimony was "illogical or contradicted by documents or other physical evidence").

Counsel next considers whether Maul could argue that the district court overstated his criminal history score by assigning two points to an Illinois conviction for fraudulently obtaining a driver's license. Maul maintained that he got the fake license to conceal his felon status so that he could buy a gun. Since he received three criminal history points for the firearm offenses, he objected that he should not get additional points for obtaining the driver's license because that offense ostensibly was part of a "single common scheme or plan." *See* U.S.S.G. § 4A1.2(a)(2) (prior sentences in "related cases" should be treated as a single sentence when assessing criminal history points); *United States v. Sykes*, 357 F.3d 672, 675-76 (7th Cir. 2004) (prior offenses committed as part of a single scheme or plan are related). But this potential argument would also be frivolous; even if the district judge had treated the state and federal offenses as related, Maul's ten other criminal history points still would have landed him in Category V, so any error would be harmless. *See* U.S.S.G. Ch.5, Pt.A; *United States v. Milquette*, 214 F.3d 859, 864 n.2 (7th Cir. 2000) (explaining that error in calculating criminal history score was harmless because error did not affect criminal history category); *United States v. Newman*, 144 F.3d 531, 543 (7th Cir. 1998) (explaining that guidelines error is harmless if it does not affect sentence).

Finally, counsel and Maul discuss whether an argument could be made that a prison term at the statutory maximum is unreasonable because it does not reward

Maul for pleading guilty. The district court noted that Maul's imprisonment range—which was reduced by two levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1—still would have been 30 to 37 months but for the statutory cap, *see* U.S.S.G. § 5G1.1(a), and for that reason the court rejected his plea for a lower sentence. Indeed, the court noted that Maul had received a windfall because the government had intended to charge him with a felony but drafted the indictment using language that alleges only a misdemeanor. *See United States v. Vallery*, 437 F.3d 626, 633-34 (7th Cir. 2006) (holding that indictment which does not allege physical contact charges only a misdemeanor under 18 U.S.C. § 111(a)(1)). A guidelines sentence is presumptively reasonable*, United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005), and counsel and Maul are unable to construct an argument that the court was compelled to go below the range.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.