# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-3574

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WILLIAM J. JONES,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 02-129-CR T/F—**John Daniel Tinder**, *Judge.*

———————

ARGUED FEBRUARY 26, 2004—DECIDED JUNE 25, 2004

———————

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* A jury convicted William J. Jones under 18 U.S.C. § 656 on nineteen counts of stealing in excess of $1000 from Bank One's automatic teller machines ("ATMs"). Jones, who had access to the ATMs through his job as an ATM repairman, challenges his conviction by arguing that § 656 does not apply to him, as he was not an "officer, director, agent or employee of, or connected in any capacity with" Bank One. We affirm the judgment of the district court, finding that under a plain reading of the statute, Jones, who worked for a company contracted by

Bank One to maintain and service its ATMs, was connected with Bank One and subject to § 656's prohibitions.

## I.  History

During the period covered by the superceding indictment entered against Jones, National Cash Register Corporation ("NCR") contracted with Bank One to service its Indianapolis-area ATMs. Jones worked as a repairman for NCR. Generally, when one of Bank One's ATMs malfunctioned, it would send a signal to NCR's call center in Columbia, South Carolina. A dispatcher would then send a repairperson to the ATM in need of service.

As part of his duties, Jones had access to the cash vaults within the ATMs. Most repairs could be made without opening the vault, but NCR left it to its repairpersons' discretion whether the vault needed to be accessed, either to repair the ATM or to perform routine maintenance. The ATMs' vaults were fitted with special locks that tracked who opened them.

In support of its case at trial, the government offered records that showed Jones as the only person to have opened the vaults to twenty-four ATMs from which money was missing during the relevant time period. It also offered Jones's handwritten confession. Jones was convicted, after a two-day jury trial, under 18 U.S.C. § 656 of nineteen separate incidents of stealing money from the ATMs. Jones timely appealed.

## II.  Analysis

Jones's sole argument on appeal is that because he worked for NCR and not Bank One, his actions did not fall

under § 656.[1] This is a question of law, which we review de novo. *See Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 511 (7th Cir. 2004) (stating that we review issues of statutory interpretation de novo).

In the face of a broadly-worded statute, which by its plain terms applies to those "connected in any capacity" with Bank One, *see* 18 U.S.C. § 656, Jones unconvincingly urges us to limit § 656's reach to only those categories of persons explicitly enumerated in the statute, i.e. officers, directors, agents, or employees of the banking institution in question. He argues, without citing supporting case law, that the words, "or connected in any capacity with," renders the enumerated list preceding that phrase meaningless. To avoid such a result, he reasons, the catch-all phrase should be ignored in favor of the limited class of offenders. He further supports his interpretation by asserting, again without authority, that the actions prohibited by the statute—embezzling, abstracting, purloining, and willfully misapplying—can only be accomplished by an employee or an agent. He suggests that "stealing" (which we note can be a synonym for "abstracting" or "purloining") would have been the better word if Congress meant for the statute to apply to a larger group of offenders.

The first rule of statutory construction is to give words their plain meaning. "It is well established that where the statute's language is plain, the sole function of the

---

[1] The statute reads in pertinent part:

> Whoever, being an officer, director, agent or employee of, or connected in any capacity with [any federally insured bank], . . . embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank, . . . shall be fined not more than $1,000,000 or imprisoned not more than 30 years or both . . . .

18 U.S.C. § 656.

courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, ___ U.S. ___, 124 S. Ct. 1023, 1030 (2004) (quotation omitted). There is nothing ambiguous or absurd in Congress's adding the phrase "or connected in any capacity with" to the list of enumerated persons who could steal funds from federally insured banks. We and other circuits, when confronted with identical language tailing a specified list in similar statutes, have consistently construed the phrase to capture those outside the enumerated offenders. *See, e.g.*, *United States v. Harris*, 729 F.2d 441, 445 (7th Cir. 1984) (finding that a natural and literal application of the phrase "connected in any capacity with," when construing identical language in 18 U.S.C. § 657, covers those not technically an agent of the institution in question but who are doing its work); *United States v. Coleman*, 590 F.2d 228, 230-31 (7th Cir. 1978) (finding sufficient connection for purposes of 18 U.S.C. § 665 when an assistant director of a city department used personnel trained by another organization receiving the federal funds in question for impermissible jobs); *United States v. Ratchford*, 942 F.2d 702, 704-05 (10th Cir. 1991) (holding that a property manager working for a bank contractor was appropriately prosecuted under § 657); *United States v. Prater*, 805 F.2d 1441, 1446 (11th Cir. 1986) (finding that the president of a bank's subsidiary was "an integral part" of the bank's processes and thus liable under §§ 657 and 1006); *United States v. Bolstad*, 998 F.2d 597, 598 (8th Cir. 1993) (same).

This broad construction of the "connected in any capacity" language comports with the purpose of the statute—to protect federal monetary interests. *See Harris*, 729 F.2d at 445 ("The federal government has a greater interest than the states in deterring the embezzlement of federal property . . . and the danger of embezzlement is no less when the embezzler happens to be an employee not of the federal

agency that owns the property but of a contractor who has custody of it."); *United States v. Gillett*, 249 F.3d 1200, 1204 (9th Cir. 2001) (noting that by construing § 656 broadly, "we will 'effectuate congressional intent to protect federally insured lenders from fraud' ") (quoting *Ratchford*, 942 F.2d at 705); *Prater*, 805 F.2d at 1446 ("The Eleventh Circuit has clearly indicated that the phrase 'connected in any capacity' should be construed broadly to effectuate congressional intent by protecting federally insured lenders from fraud."); *United States v. Edick*, 432 F.2d 350, 351 (4th Cir. 1970) (employee of corporation providing proofing and bookkeeping services to member banks "reached by literal language" of § 656, with inclusion in the class of those eligible for prosecution "clearly required by congressional purpose").

Having decided that § 656 means what it says,[2] we must decide if Jones is "connected in any capacity" with Bank One such that § 656 is applicable to him. The answer is yes. Jones, as an ATM repairman employed by NCR, provided a service for Bank One that it would otherwise have had to provide for itself. Because of his work on its behalf, Bank One granted Jones access to its property, including its ATM vaults. That special access provided him with the opportunity to steal the federally insured funds therein.

We note that other circuits passing on similar facts have

---

[2] Jones makes other arguments for limiting § 656's reach by pointing to interpretive tools outside the statute itself, such as the statute's historical and statutory notes and a 1918 Supreme Court case interpreting a predecessor statute. We need not dwell on them, however, because not only are they unconvincing, they are extraneous. As stated previously, where the meaning of a statute is unambiguous, our sole task is to apply it straightforwardly to the facts at issue without referring to legislative history or other devices. *See Lamie*, 124 S. Ct. at 1030-31, 1033 (noting that an examination of a predecessor statute and legislative history to determine congressional intent is unnecessary when the amended statute's language is plain and unambiguous).

unanimously found § 656's broad "connected in any capacity" language to encompass contractors whose theft was made possible by the services they provided to the banks. *See Gillett*, 249 F.3d at 1201 (employee of Brinks armored car service appropriately charged under § 656 as a person "connected in any capacity" with a federally insured bank); *United States v. Meeks*, 69 F.3d 742, 743-44 (5th Cir. 1995) (finding employees of locksmith company contracted to maintain the bank's safety deposit boxes can be charged under § 656); *United States v. Coney*, 949 F.2d 966, 967 (8th Cir. 1991) (employee of armored car company responsible for transporting bank's currency captured by § 656's broad language); *Edick*, 432 F.2d at 351 (employee of corporation providing proofing and bookkeeping services properly charged under § 656).

We find that under a plain reading of § 656, the government properly prosecuted Jones as a person who was "connected in any capacity" with Bank One.

### III.  Conclusion

The judgment of the district court is AFFIRMED.


A true Copy:

       Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*