# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-2251

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

ROOSEVELT D. VALLERY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 04 CR 30115—**G. Patrick Murphy**, *Chief Judge.*

ARGUED NOVEMBER 8, 2005—DECIDED FEBRUARY 7, 2006

Before CUDAHY, KANNE, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* The government appeals from the district court's sentencing of Roosevelt Vallery as a misdemeanant following his conviction under 18 U.S.C. § 111(a). It is the government's contention that the indictment properly alleged a felony rather than a misdemeanor. Vallery's conviction is not in dispute. A fair reading of the statute requires us to conclude that the misdemeanor provision of § 111(a) applies to all conduct prohibited by the subsection. Having determined that Vallery's conviction was for a misdemeanor, we affirm his twelve-month sentence.

## I. BACKGROUND

The criminal statute involved in this case is 18 U.S.C. § 111. It provides:

> (a) In general.—Whoever—
>
> > (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
> >
> > (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.
>
> (b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

The designation in 18 U.S.C. § 1114 includes federal corrections officers.

Correctional Officer Ron Garver was employed at the Federal Correctional Institution in Greenville, Illinois. On July 24, 2003, he was instructed to escort Roosevelt Vallery, an inmate, to the lieutenant's office. Garver found Vallery in the food services area and told Vallery to come with him to the lieutenant's office. Garver escorted Vallery alone and

unrestrained. Garver noticed Vallery growing increasingly nervous and evasive as they approached the lieutenant's office, so Garver directed Vallery into a restroom to strip search him for contraband.

As Vallery removed his clothes, his apprehension intensified. When Vallery got to his underwear, Vallery pushed Garver out of his way and ran into an empty toilet stall. Garver followed Vallery into the stall and repeatedly yelled for Vallery to stop. When Garver entered the stall, he saw Vallery remove an object from his underwear and throw it into the toilet. Garver attempted to prevent Vallery from flushing the item by placing his arm around Vallery's neck and shoulder and pulling back. Vallery backed Garver into the stall to break Garver's hold and then flushed the item.

During the melee, Garver used his free hand to radio for help. Other officers soon arrived, handcuffed Vallery, and placed him in a special housing unit. Garver received minor injuries during the struggle and his uniform was ripped; Vallery was unharmed. Vallery later told investigators that the contraband he flushed down the toilet was a shank.

The facts described above were presented to a federal grand jury in the Southern District of Illinois. The grand jury returned the following one-count indictment:

> **THE GRAND JURY CHARGES:**
>
> On or about July 24, 2003, in Bond County, Illinois, in the Southern District of Illinois,
>
> **ROOSEVELT D. VALLERY**,
>
> defendant herein, did knowingly and forcibly assault, resist, impede, and interfere with Ron Garver, a Federal Correctional Officer, while he was engaged in his official duties, to wit: conducting a visual search and restraining a federal inmate attempting to dispose of contraband, in violation of

>       Title 18, United States Code, Sections [sic]
>       111(a)(1).

A jury trial ensued. Vallery objected to the government's proposed jury instruction on non-simple assault arguing that because the government did not allege physical force in the indictment, Vallery had only been charged with simple assault, a misdemeanor offense. The district court agreed and refused to give the government's proposed felony instruction.

A verdict form was submitted to the jury which contained two blanks. Under the first blank was typed "(Guilty/Not Guilty)" and under the second blank was typed "(assaulting, resisting, impeding or interfering with)". The judge explained to the jury that it should determine whether Vallery was guilty or not guilty and enter that determination in the first blank. The judge further explained that if the determination was guilty, the specific conduct that the jury found Vallery committed should be entered in the second blank. The jury returned a guilty verdict and wrote the words "resisting, impeding, interfering with" on the special verdict form.

Following Vallery's conviction, the probation officer concluded in the presentence report ("PSR") that Vallery had been convicted of a felony offense subject to a statutory maximum term of imprisonment of up to eight years. The PSR's calculation of Vallery's sentencing guideline range was 51-63 months' imprisonment. Vallery objected, arguing that he had only been convicted of a simple assault and was therefore subject to the one-year maximum sentence. Finding that Vallery was charged only with a misdemeanor, the district court imposed a sentence of twelve months' imprisonment.

## II.  ANALYSIS

As a preliminary matter, we first address the government's argument that Vallery's indictment did allege physical contact. If so, then there is no need for us to deal with the meaning of § 111. But as it was raised for the first time at oral argument, this argument is waived. *Szczesny v. Ashcroft*, 358 F.3d 464, 465 (7th Cir. 2004) (citation omitted). In any event, we reject the government's premise that all "restrainings" necessarily involve physical contact and conclude the indictment did not allege physical contact.

We now turn to the same statutory issue as was twice before the district court—that is, whether Vallery's indictment, which did not allege physical contact, charged him under § 111 with a felony or a misdemeanor. Section 111 is designed to protect certain federal officers and employees of the United States performing their official duties by criminalizing assaults against them. *United States v. Feola*, 420 U.S. 671, 678-84 (1975). In 1994, Congress added the misdemeanor simple assault provision to § 111(a) by amendment. Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320101(a)(1), 108 Stat. 1796, 2108.

Adhering to *Jones v. United States*, 526 U.S. 227 (1999), several other circuits have found post-1994 amendment § 111 to constitute three separate offenses: first, misdemeanor simple assault under § 111(a); second "all other cases" felony assault under § 111(a); and third, felony assault involving a deadly or dangerous weapon or resulting in bodily injury under § 111(b). *See, e.g., United States v. Hathaway*, 318 F.3d 1001, 1006-08 (10th Cir. 2003); *United States v. Yates*, 304 F.3d 818, 821-22 (8th Cir. 2002); *United States v. McCulligan*, 256 F.3d 97, 102 (3d Cir. 2001); *United States v. Chestaro*, 197 F.3d 600, 608 (2d Cir. 1999); *United States v. Nunez*, 180 F.3d 227, 233 (5th Cir. 1999).

Even though we have not specifically so held, we assumed as much in *United States v. Gray*, 332 F.3d 491, 492-93 (7th Cir. 2003) (finding error in sentence exceeding statutory maximum of § 111(a) where indictment failed to allege violation of § 111(b)). The parties do not dispute the issue, and we think the question is settled.

Because Vallery was charged with violating § 111(a) but not § 111(b), only the first two offenses, simple assault and felony "all other cases" assault, are relevant here. The government's argument is that the indictment properly alleged "all other cases" felonious assault by including in its allegations that Vallery resisted, impeded and interfered with Garver, and, therefore, that the district court was wrong to rule that it only alleged simple assault because physical contact was not alleged.

The linchpin in the government's argument is that the "physical contact rule" of felonious assault, in which physical contact is an element of the crime, applies only to the "assault prong" of § 111(a)(1) and not to the other prohibited conduct—namely, resisting, opposing, impeding, intimidating, and interfering with. Therefore, the government concludes, physical contact is not required to rise to the level of a felony for violations of § 111(a) other than "assaults," and its absence in the indictment does not preclude a felony conviction. Vallery, on the other hand, argues that the misdemeanor simple assault provision must be applied to all conduct prohibited by § 111(a)(1). Because we are presented with the issue of statutory interpretation, a question of law, we review de novo. *United States v. Jones*, 372 F.3d 910, 911-12 (7th Cir. 2004).

When interpreting statutes, first and foremost, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent. *Id.* at 912; *see also United States v. Chemetco,*

*Inc.*, 274 F.3d 1154, 1158-59 (7th Cir. 2001); *United States v. Cuteo*, 151 F.3d 620, 630 (7th Cir. 1998); *United States v. Aerts*, 121 F.3d 277, 280 (7th Cir. 1997). Both parties claim to be supported by the plain meaning of § 111, but they refer to different words.

The government cites the plain meaning of "resists, opposes, impedes, intimidates, or interferes with," *i.e.*, the verbs of § 111(a)(1) proscribing conduct other than "assault" (actions alleged in the indictment, three of which were found by the jury), claiming that because they do not entail physical contact, the misdemeanor provision does not apply. The government contends that "assault" is a term of art encompassing the physical contact rule, so that those "assaults" with physical contact are felonies while those without are not. But "assault" is used twice in § 111. First, "assault" in § 111(a)(1) is a verb proscribing conduct. Second, in the punishment clause of § 111(a), "assault" ("simple assault" actually) is a noun denoting a crime punishable as a misdemeanor. Prior to the 1994 amendment, the first incarnation of "assault" in § 111(a)(1), in addition to the words cited by the government, likewise did not entail physical contact. *See United States v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978) (holding force to be an element of pre-1994 amendment § 111, which may be satisfied by proof of force or *threat* of force).

Because *all* violations of the statute, regardless of the presence of physical contact, prior to the 1994 amendment were subject to statutory maximum sentences greater than one year, the physical contact rule simply was irrelevant to defining crimes under § 111. So to prevail, the government must show that the 1994 amendment applied only to the word "assault," which implicates the plain meaning of "simple assault," not the other verbs proscribing conduct.

Vallery hangs his hat on the plain meaning of the 1994 amendment, "*acts in violation of this section* constitute only simple assault." Violent Crime Control and Law Enforcement Act of 1994 § 320101(a)(1) (emphasis added). Holding the amendment to apply only to "assault" rather than to the remainder of this section, Vallery argues, would impermissibly render the amendment superfluous. *See Chemetco*, 274 F.3d at 1160. If Congress had intended the 1994 amendment to apply only to "assault," it could have simply repeated the government's alleged distinction in § 111(a)(1) in the punishment provision. But, while strongly suggestive that the 1994 amendment applies to all illegal acts of § 111(a), we do not think these words completely foreclose the government's view.

It is the meaning of "simple assault" of the punishment provision, which is not defined by the statute, that is our starting point. "[W]here a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning." *United States v. Turley*, 352 U.S. 407, 411 (1957) (citations omitted); *United States v. Perez*, 43 F.3d 1131, 1137 (7th Cir. 1994) (citations omitted).

There is no dispute that "simple assault" is a crime "committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Chestaro*, 197 F.3d at 605 (quoting *United States v. Johnson*, 637 F.2d 1224, 1242 n.26 (9th Cir. 1980)); *accord United States v. Ramirez*, 233 F.3d 318, 321-22 (5th Cir. 2000), *overruling on other grounds recognized by United States v. Longoria*, 298 F.3d 367, 372 n.6 (5th Cir. 2002). Under the common law, physical contact is the line of demarcation between simple assault and battery. Wayne R. LaFave, *Substantive Criminal Law* § 16.1(a), (2d ed. 2003); *Ramirez*, 233 F.3d at 321-

22 ("[A]t common law 'simple assault' did not involve any physical contact."); *accord Chestaro*, 197 F.3d at 606 (agreeing with trial court's construction that "simple assault, which in accord with its common-law definition, does not involve touching").

Even though strict adherence to the common-law definition of simple assault requires a finding that physical contact is an element of "all other assaults" under § 111, *McCulligan*, 256 F.3d at 104; *Ramirez*, 233 F.3d at 322; *Chestaro*, 197 F.3d at 606, some circuits have broadened its definition by looking to 18 U.S.C. § 113, a generalized assault statute for maritime and federal territorial jurisdiction containing a simple assault provision, *Hathaway*, 318 F.3d at 1008; *Yates*, 304 F.3d at 822, or the Model Penal Code, *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

The government cites to the circuits which departed from the common law to support its argument that physical contact is not necessary for "all other cases" assaults. But we note that even in these circuits "all other cases" assault requires either physical contact or a similar aggravating factor, *e.g.*, intent to commit murder or serious felony, *Hathaway*, 318 F.3d at 1008-09; *Yates*, 304 F.3d at 822, and apprehension of immediate serious bodily harm or death, *United States v. Fallen*, 256 F.3d 1082, 1087-88 (11th Cir. 2001). However, Vallery's indictment did not allege physical contact or any aggravating facts, and thus, the finer points of the definition of "simple assault" are not before us. Under any formulation of simple assault, the facts alleged by Vallery's indictment do not give rise to "all other cases" assault unless the simple assault provision applies only to the word "assaults" and not to "resists, opposes, impedes, intimidates, or interferes with."

With that understanding, we turn to the scope of the simple assault provision within § 111(a). The government

contends that we should look to § 113, the only other statute passed by Congress referencing simple assault, to guide our inquiry as to its application within § 111. In contrast to § 111(a)(1), in § 113, "assault" is the only prohibited conduct. The government claims "the differing language in these two statutes demonstrates that Congress knew the difference between 'assault' and the other forms of conduct prohibited by Section 111, and when it referred to 'simple assault' in Section 111, it was referring not to the other conduct prohibited by Section 111."

But using § 113 to confirm Congress adopted the common-law meaning of "simple assault" and using § 113 to determine which words in § 111(a) "simple assault" modifies are not the same thing. Assuming Congress contemplated the difference between "assault" and the other forms of prohibited conduct, the differing statutory language supports the statutes' respective purposes. Section 111(a)(1) protects only federal officers acting under lawful authority while § 113 protects the public at large.

The additional verbs of § 111(a)(1) are necessary to safeguard federal officers whose duties and authority expose them to unique risks. Indeed, the government does not mention that the wording of § 111(a)(2), which protects former federal officers and employees, is limited to "assaults or intimidates" and differs from § 111(a)(1) by not including "resists, opposes, impedes" and "interferes with." The significance of these omissions is to distinguish between an active federal officer who can be unlawfully "resist[ed], oppose[d], impede[d], or interfere[d] with," and a former federal officer who cannot.

Similar to § 111(a)(2), § 113 protects those with no federal authority and likewise does not use verbs which relate to endangering those presently carrying out their official duties. Rather than support the government's argument, the differences between § 111(a)(1), § 111(a)(2), and § 113 merely indicate nuances in Congress's approach in creating

a scheme to protect those presently with federal authority (§ 111(a)(1)), those formerly with federal authority (§ 111(a)(2)), and the public at large (§ 113). Simply put, § 113 is not relevant to our inquiry and certainly is of no help to the government.

Although not mentioned by either side, we must interpret § 111 taking into account the meaning of the statute as a whole. The government's argument that simple assault applies only to the "assault prong" of § 111(a)(1) makes little sense when considering § 111(a)(2), which punishes one who "assaults or intimidates" a former federal officer. If simple assault did not apply to the remainder of § 111(a)(1), we would be left with two unavailing alternatives before us: either simple assault does not apply to § 111(a)(2) at all; or that the simple assault provision applies only to the word "assault" of §§ 111(a)(1) and (a)(2). The former does little to carry out the purpose of the statute because it would afford greater protection to those without present federal authority by making all assaults against them felonies. The latter would require us to glean an "assault prong" from two subsections and apply the simple assault clause. But without a good reason to do so, we cannot disregard the statutory structure of § 111(a) in this manner, particularly where the text clearly directs that "acts in violation of this *section* constitute only simple assault." *Contra Jones*, 526 U.S. at 239 (interpreting statute contrary to structure to avoid "grave and doubtful constitutional questions").

Moreover, in addition to the plain language of the statute, case law supports Vallery by stating or implying that the simple assault provision applies to the entirety of § 111(a). *See United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) (holding the second element of assault is "assault, resist, oppose, impede, intimidate, or interfere with" and that the word "forcibly . . . modifies each of the prohibited

acts specified in the second element"); *Yates*, 304 F.3d at 822 ("We hold that, in the context of § 111, the definition of simple assault is *conduct in violation of § 111(a) . . . .*") (emphasis added); *Ramirez*, 233 F.3d at 322 (holding statutory definition of "all other cases" assault to be "[a]ny *physical contact* which by which a person 'forcibly assaults, resists, impedes, intimidates, or interferes with'") (emphasis in original). Of the remaining cases we reviewed, none referred to the "assault" of § 111(a)(1) as a term of art, as the government advocates, even when discussing the meaning of simple assault.

The government's position further erodes when we consider its practical effects. Because of the overlapping nature of many of the terms, it is difficult to imagine a situation in which one who assaults an officer does not also simultaneously resist, oppose, impede, intimidate, or interfere with that officer. If the misdemeanor provision was as narrow as the government would have us believe, then prosecutors could avoid a lesser-included offense simply by omitting "assault" from the indictment. We cannot assume that it was Congress's intent to amend a statute with no de facto application. We hold the simple assault provision of § 111(a) applies to all violations of § 111(a), not merely to "assaults."

Turning to Vallery's indictment[1], the language closely

---

[1] Despite correctly reciting the de novo standard of review, the government devoted much of the substance of its appeal to the proceedings below, which is wholly irrelevant aside from satisfying us that the issue has been preserved. *See Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998). Moreover, the government repeatedly supports its argument by referring to Vallery's actions, which likewise have no place in determining congressional intent. If we were to find Vallery guilty of a felony because
(continued...)

follows the language of § 111(a) sufficiently to allege the elements of simple assault. However, physical contact was not explicitly or, as previously discussed, implicitly alleged; therefore, we agree with the district court's conclusion that Vallery was not charged with, and could not be convicted of, "all other assaults." Because Vallery was charged only with a misdemeanor and not a felony, he was subject to a statutory maximum term of imprisonment of only one year, not eight. Neither the government nor Vallery otherwise challenges the reasonableness of Vallery's sentence of twelve months' imprisonment. *See generally United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005).

---

[1] (...continued)
he did use physical force (as the background indicates), even though he was charged only with a misdemeanor (as we hold), then we would be unconstitutionally enlarging the scope of Vallery's indictment. *See Stirone v. United States*, 361 U.S. 212, 215-16 (1960). It is the indictment's allegations, not Vallery's conduct, which matters here. *See Arrington*, 309 F.3d at 45-46 ("[T]he decisive question is not whether the element [defendant] proposes would make any difference in this or other cases, but whether Congress intended it to be an element of the offense.").

## III.  CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*