**UNITED STATES COURT OF APPEALS**

**July 31, 2017**

**TENTH CIRCUIT**

CHAD ABERCROMBIE; TRENT ARTICHOKER; TROY BARRON; FREDERICK BLESCH; REBECCA BRINKMAN; MARC CAHN; DAVE CARLSON; SCOTT CATHEY; GUY COBERLY; GREG CRAWFORD; JOEL DEKANICH; MATTHEW DERRY; MATT DICKSON; DONALD DRESSEN; RANDY ELDRIDGE; LISA ERIKSON; TYLER FOWLER; THOMAS GEHRMANN; GINA GENTILINI; JAMES GRAHAM; ROBERT GRAHAM; KEITH GRAVES; BRAD GULLA; JAY HAFNER; GREG HAITZ; RICHARD HANLEY; DAVID HANSEN; SHELLEY HOOVER-SHEARD; DAVID JENSEN; DEAN E. JOHNSON; MICHAEL JOHNSON; DOUG JONES; JERRILEA KARNEY; SONJA KENYON; RANDY KNOCHE; RYAN KNOCHE; CANDICE KOCH; AARON KOEPP; SHANE KOKOSZKA; JASON MARKIJOHN; WILLIAM KOONTZ; LARRY MORRIES; KATHY KOOP; ROBERT NELSON; DANIEL LONQUIST; DAN PATERSON; MIKE MADDEN; THOMAS PATTERSON; JIM PHELPS; ART PHELPS; PHILLIP POLLOCK; BRIAN POLVI; CHAD POWELL; DAVID POWELL; DENESA POZNER; RYAN PROBASCO; PATRICK RAY; AMY REEVES; MCKENZIE REIFSCHNEIDER; TIM RINN; JEREMY RODGERS; SCOTT ROSENQUIST; RONALD SALVAGGIONE; JOHN F. SCHULTZ; JULIE SCOTT; TERRY SMITH; RANDY SNYDER; KEN SPRESSER;

No. 16-1152
D.C. No. 1:15-CV-00994-CMA-MEH
(D. Colo.)

MICHAEL SPRINGFIELD; THERON STALLINGS; WES STATLEY; JAMES THATCHER;WILLIAM R. THOMAS; CALEB WHITE; MONTY WILBURN; MARK WOLFF; GREG WOLGIN; ERIC YOUNG; KEVIN YOUNG; ROBERT ARNE,

   Plaintiffs - Appellants,

  v.

AETNA HEALTH, INC., a Pennsylvania corporation; ANTHEM BLUE CROSS & BLUE SHIELD, a Colorado corporation; CIGNA HEALTHCARE OF COLORADO, INC., a Colorado corporation; HUMANA INSURANCE COMPANY, a Colorado corporation; HUMANA HEALTH PLAN, INC., a Colorado corporation; HUMANA MARKETPOINT, INC., a Colorado corporation; UNITED HEALTHCARE OF COLORADO, INC., a Colorado corporation; HEALTH VALUE MANAGEMENT INC., a Colorado corporation, d/b/a ChoiceCare Network,

   Defendants - Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **MURPHY**, and **BACHARACH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.      Introduction

Appellants ("Providers") are a group of approximately eighty chiropractors who are licensed to practice in the state of Colorado. Appellees ("Carriers") are health insurers licensed to market, sell, and provide healthcare insurance in Colorado. Providers' federal complaint alleged Carriers have reimbursed chiropractors substantially less than other healthcare providers who are performing substantially similar services, in violation of Colorado law. The statutory provision at issue, Colo. Rev. Stat. § 10-16-104(7)(a)(I)(A) (the "Statute"), was enacted in 1973 as part of the Colorado Health Care Coverage Act (the "Act"). *See* Colo. Rev. Stat. § 10-16-101. It was repealed effective May 13, 2013. *See* Ch. 217, §§ 28, 70, 2013 Colo. Sess. Laws. At the time it was repealed, the Statute provided as follows:

> Notwithstanding any provisions of any policy of sickness and accident insurance issued by an entity subject to the provisions of part 2 of this article . . . , whenever any such policy . . . provides for reimbursement for a service that may be lawfully performed by a person licensed in this state . . . a carrier shall not deny reimbursement under the policy . . . when the service is rendered by a person so licensed. Nothing in this part 1 or part 2 or 5 of this article precludes a carrier from setting different fee schedules in an insurance policy for different services performed by different professions, but the carrier shall use the same fee schedule for those portions of health services that are substantially identical although performed by different professions.

Colo. Rev. Stat. § 10-16-104(7)(a)(I)(A) (repealed May 12, 3013). In their complaint, Providers asserted the Statute required all Colorado health insurance

carriers to reimburse all healthcare providers at the same rate, regardless of their license and/or training, if they performed substantially identical services. Carriers filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), arguing Providers failed to state a claim for relief plausible on its face because the Statute applied only to reimbursement of *policyholders* for covered benefits owed under health insurance *policies*.

## II.    Discussion

The district court granted Carriers' motion and dismissed Providers' complaint. In the court's comprehensive order, it set out the correct legal standards[1] and then addressed each argument made by the parties. The district court first examined the plain language of the Statute, noting it repeatedly referenced insurance policies, not contracts between providers and carriers. The court also considered Providers' argument that the Statute unambiguously applied to reimbursements owed to healthcare providers because it was titled, "Reimbursement of Providers." *See Martinez v. Cont'l Enters.*, 730 P.2d 308, 313 (Colo. 1986) (holding the title of a statute may be used when construing the statute but it "is not dispositive of legislative intent"). The court noted the

---

[1]Our jurisdiction arises under 28 U.S.C. § 1291. "The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed *de novo.*" *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Like the district court, we accept as true all well-pleaded factual allegations in Providers' complaint and view those allegations in the light most favorable to Providers. *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006).

original title of the Statute was "Form and Content of Policy." When the title changed in 1992, the change was labeled as "nonsubstantive" by the Colorado legislature. The district court next looked to the Act as a whole, noting Providers failed to explain why the Colorado legislature would place a singular provision intended to benefit healthcare *providers* in an Act that otherwise only governed healthcare coverage for individual *policyholders*.

Based on its analysis of the parties' arguments, the district court concluded Providers' proposed interpretation of the statute was inconsistent with the Statute's plain language and the structure of the Act as a whole. The district court also examined the legislative history of the Statute and a letter written by a policy analyst at the Colorado Division of Insurance, concluding neither provided any meaningful support for Providers' assertion that § 10-16-104(7)(a)(I)(A) governed reimbursement rates applicable to healthcare providers.

Upon de novo review of the claims raised by Providers and the grounds upon which those claims rest, we affirm the dismissal of Providers' complaint for substantially the reasons stated by the district court in its Order dated March 31, 2016,[2] with the following additional comments.

---

[2]Because we affirm the district court's dismissal of Providers' complaint on this basis, it is unnecessary for us to address Carriers' alternative argument that no private right of action exists under the Act.

During oral argument in this matter, this court questioned counsel for Carriers as to whether a 1987 amendment to the Act provided support for Providers' position. At the time the Statute was repealed, that 1987 amendment was codified in subsection (B) of § 10-16-104(7)(a)(I) and stated:

> The licensed persons who may not be denied reimbursement pursuant to sub-subparagraph (A) of this subparagraph (I) shall include registered professional nurses, licensed clinical social workers, and licensed addiction counselors. However, such inclusion shall not be interpreted as enlarging the scope of professional nursing, licensed clinical social worker, or licensed addiction counseling practice.

Counsel for Carriers responded that Providers have never relied on this amendment to support their argument. The record confirms this assertion. We have carefully reviewed Providers' response to the motion to dismiss, their opening appellant brief, and their reply brief. They have never referenced the 1987 amendment and it did not form the basis of any argument Providers presented to this court or to the district court.

The main argument made by Providers was that the Statute, *at the time it was enacted in 1973*, clearly and unambiguously applied to reimbursements made to a provider by a carrier. Alternatively, Providers argued the 1973 legislative history of House Bill 1107 (Colo. 1973) confirmed that the Statute requires insurers to reimburse providers equally for substantially identical services. The district court fully considered these arguments and concluded the Statute, as it existed in 1973, could not be read as Providers argued and, thus, their complaint

-6-

failed to state a claim for relief plausible on its face. As we have concluded, we find no reversible error in the district court's ruling.

Providers argue the district court erred by not permitting them to amend their complaint[3] "in order to fully address the issues and supplement the record," but they do not specifically identify the 1987 amendment as an issue requiring further development. Although the parties stated generally during oral argument that changes in billing and reimbursement practices occurred in the healthcare field after 1973, neither provided any record support for this proposition and Providers have never identified billing practices as an area that required further factual development. Further, while it may be accurate that carriers did not

---

[3]Providers' purported motion to amend consists of this single sentence in a footnote in the brief they filed in opposition to Carriers' motion to dismiss: "In the event the [district] Court finds the elements of any of Plaintiffs' claims insufficient on their face, Plaintiffs request leave to amend the Amended Complaint as agreed by Defendants and ordered by this Court in its June 8, 2015, Minute Order." The district court's minute order, however, simply states: "If [Providers] file an amended complaint and it is dismissed, [Carriers] agree that if [Providers] seek leave to file a further amended complaint, [Carriers] will not oppose that filing unless a further amended complaint would be futile." Because Providers' request did not "give adequate notice to the District Court and the opposing party of the basis of the proposed amendment," the district court did not abuse its discretion in denying it. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). On appeal, Providers have again failed to identify the basis of any amendment other than to indicate their desire to supplement the record with additional facts. Not only was this argument not made to the district court, the only additional fact specifically identified by Providers—a letter from the Colorado Division of Insurance—was considered by the district court.

reimburse providers directly in 1973 and only began to do so some time later,[4] that fact does not support Providers' argument that the Statute applied to healthcare providers when it was enacted in 1973.  Providers have never taken the position the 1987 amendment represented a significant expansion of the Statute, in light of changed billing practices, such that the Statute's provisions thereafter applied to both policyholders and providers.  Because this court does not engage in speculation or craft arguments for an appellant, we do not consider this possibility.

Because the argument has not been made to this court, we express no opinion on whether the 1987 amendment provides any support for the conclusion the Statute, as so amended, applies to providers.[5]  We rule only that, on the facts alleged and the claims actually presented, Providers have not stated a claim for

---

[4]Even if true, the record does not explain why Providers could not continue billing their patients directly, thereby requiring the patients to then seek reimbursement from their carrier.  This process was the one unambiguously contemplated by the 1973 version of the Statute.

[5]The dissent relies on but a single case to support its position that this court must consider the 1987 amendment even though Providers have never relied upon it.  In that case, *United States v. Vallery*, 437 F.3d 626, 632-33 (7th Cir. 2006), an out-of-circuit criminal case, the Seventh Circuit felt obligated to consider an approach not addressed by either side, *i.e.*, consideration of the pertinent criminal statute as a whole to determine whether a misdemeanor or felony had been charged.  That case, then, is not authority in this civil matter where we are concerned only with whether the Providers' complaint sufficiently states plausible claims for relief.

relief plausible on its face and have failed to show that amendment of their complaint would not be futile.

## III.  Conclusion

The judgment of the district court dismissing Providers' complaint is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

*Abercrombie et al. v. Aetna Health, Inc. et al.*, No. 16-1152,
**BACHARACH**, J., dissenting.

This appeal pits a group of chiropractors against a group of health insurance companies. The two groups disagree over the meaning of a prior Colorado statute dealing with reimbursement for health care:

> (7) **Reimbursement of providers.** (a) **Sickness and accident insurance.** (I)(A) Notwithstanding any provisions of any policy of sickness and accident insurance issued by an entity subject to the provisions of part 2 of this article or a prepaid dental care plan subject to the provisions of part 5 of this article, whenever any such policy or plan provides for reimbursement for a service that may be lawfully performed by a person licensed in this state for the practice of osteopathy, medicine, dentistry, dental hygiene, optometry, psychology, chiropractic, podiatry, or acupuncture, a carrier shall not deny reimbursement under the policy or plan when the service is rendered by a person so licensed. Nothing in this part 1 or part 2 or 5 of this article precludes a carrier from setting different fee schedules in an insurance policy for different services performed by different professions, but the carrier shall use the same fee schedule for those portions of health services that are substantially identical although performed by different professions.
>
> (B) The licensed persons who may not be denied reimbursement pursuant to sub-subparagraph (A) of this subparagraph (I) shall include registered professional nurses, licensed clinical social workers, and licensed addiction counselors. . . .

Colo. Rev. Stat. § 10-16-104(7)(a)(I)(A)-(B) (2012) (repealed 2013). The chiropractors contend that this statute required reimbursement of providers at the same rates enjoyed by other types of providers for the same services. The health insurance companies maintain that the statute required the equal reimbursement of insureds, not providers. The district court agreed with

the health insurance companies, dismissing the chiropractors' complaint based on the view that the statute protected insureds rather than providers. But in my view, the statute included protection for providers such as chiropractors. As a result, I would reverse the district court's order of dismissal.[1]

In this appeal, we must engage in de novo review of the dismissal and the underlying question of statutory interpretation. *See Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017); *United States v. Porter*, 745 F.3d 1035, 1040 (10th Cir. 2014).

For our purposes, the statute contains two relevant parts, Subsections (A) and (B). Subsection (A) consists of two sentences. The first sentence provides that health insurance companies cannot "deny reimbursement under the policy or plan" for covered services. Colo. Rev. Stat. § 10-16-104(7)(a)(I)(A) (2012) (repealed 2013). But this sentence does not say *who* is entitled to reimbursement. Is it the insured, the provider, or both? The second sentence provides that health insurance companies must use the same fee schedule when reimbursing for substantially identical services even though those services may be provided by professionals in different fields. In this situation, the reimbursement

---

[1] Because I would reverse on this ground, I have not discussed the chiropractors' other appeal points.

2

must be the same regardless of whether the same service is provided by a licensed medical doctor or a chiropractor. We must decide whether this sentence protects the specified types of providers.

By itself Subsection (A) is ambiguous, and the majority grapples with that ambiguity without reference to Subsection (B). That approach is reasonable because the chiropractors rely on the text of Subsection (A) without referring to Subsection (B). In light of the chiropractors' exclusive focus on Subsection (A), the majority relies on our reticence to "craft arguments for an appellant." Maj. Order and Judgment at 7. But I think we must consider the entirety of the statute, including Subsection (B).

When interpreting the statute as a whole, I am not crafting an argument for anyone. After all, both sides urge us to interpret the Colorado statute by reading it as a whole, just as Colorado law requires. *See* Appellants' Opening Br. at 17; Appellees' Ans. Br. at 11; *Reno v. Marks*, 349 P.3d 248, 253 (Colo. 2015) (en banc). Following this approach here requires us to consider Subsection (B) even though it was apparently overlooked by the parties. *See United States v. Vallery*, 437 F.3d 626, 632-33 (7th Cir. 2006) (considering parts of a statute not relied upon by either

3

side because of the court's obligation to take into account the meaning of the statute as a whole).[2]

Subsection (B) makes it clear that reimbursement cannot be denied to the "licensed persons" identified in Subsection (A): "*The licensed persons who may not be denied reimbursement* pursuant to sub-subparagraph (A) of this subparagraph (I) shall include registered professional nurses, licensed clinical social workers, and licensed addiction counselors." Colo. Rev. Stat. § 10-16-104(7)(a)(I)(B) (2012) (emphasis added) (repealed 2013). This sentence clarifies that Subsection (A) creates an entitlement to reimbursement for specified types of providers. With the gloss of Subsection (B), the meaning of Subsection (A) is unambiguous. The two sentences in Subsection (A) mean that specified providers (including licensed chiropractors) are entitled to the same reimbursement rates enjoyed by other types of providers for substantially identical services.

_____

[2] In *Vallery*, the Seventh Circuit Court of Appeals interpreted a criminal statute to determine whether the defendant had been charged with, and convicted of, a felony rather than a misdemeanor. *See Vallery*, 437 F.3d at 628, 633-34. For this interpretation, the Seventh Circuit considered parts of the statute that neither party had relied upon. *See id.* at 628, 630-33.

*Vallery* is not binding, for it was issued by another circuit court. But *Vallery* is persuasive. There the choice for the court was the same choice that we face here: whether to interpret a statute based on language that has been overlooked by both sides. The Seventh Circuit decided to consider the overlooked language. *See id.* Here too we should consider the overlooked language in light of Colorado law.

4

\* \* \*

Reading the statute as a whole, as Colorado law requires, I would consider Subsection (B)'s express recognition that the statute prohibits the denial of reimbursement to licensed providers. With this express recognition, the statute unambiguously entitles licensed chiropractors to the same rates enjoyed by other types of providers for the same services. In light of this unambiguous statutory entitlement, the district court erred in dismissing the complaint. Because the majority reaches a different conclusion, I respectfully dissent.[3]

---

[3] The health insurance companies also rely on legislative history, placement within the statutory framework, and the absence of a private right of action. But the legislative history and placement within the statutory framework are not helpful in light of the clarity of the statute when read as a whole and in context. *See Associated Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n*, 275 P.3d 646, 649 (Colo. 2012) (en banc) (indicating that legislative history and placement within the statutory framework are considered "[i]f the statutory language is ambiguous"). "If the language is clear and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction." *People v. Dist. Court*, 713 P.2d 918, 921 (Colo. 1986) (en banc). And the district court declined to reach the health insurance companies' argument regarding the absence of a private right of action. Thus, I would remand for the district court to decide this issue in the first instance. *See Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 649 (10th Cir. 2017).