ORDER AND JUDGMENT *
Michael R. Murphy, Circuit Judge
I. Introduction
Appellants (“Providers”) are a group of approximately eighty chiropractors who *730 are licensed to practice in the state of Colorado. Appellees (“Carriers”) are health insurers licensed to market, sell, and provide healthcare insurance in Colorado. Providers’ federal complaint alleged Carriers have reimbursed chiropractors substantially less than other healthcare providers who are performing substantially similar services, in violation of Colorado law. The statutory provision at issue, Colo. Rev. Stat. § 10-16-104(7)(a)(I)(A) (the “Statute”), was enacted in 1973 as part of the Colorado Health Care Coverage Act (the “Act”). See Colo. Rev. Stat. § 10-16-101. It was repealed effective May 13, 2013. See Ch. 217, §§ 28, 70, 2013 Colo. Sess. Laws. At the time it was repealed, the Statute provided as follows:
Notwithstanding any provisions of any policy of sickness and accident insurance issued by an entity subject to the provisions of part 2 of this article .,., whenever any such policy ... provides for reimbursement for a service that may be lawfully performed by a person licensed in this state ... a carrier shall not deny reimbursement under the policy ... when the service is rendered by a person so licensed. Nothing in this part 1 or part 2 or 5 of this article precludes a carrier from setting different fee schedules in an insurance policy for different services performed by different professions, but the carrier shall use the same fee schedule for those portions of health services that are substantially identical although performed by different professions.
Oolo. Rev. Stat. § 10-16-104(7)(a)(I)(A) (repealed May 12, 3013). In their complaint, Providers asserted the Statute required all Colorado health insurance carriers to reimburse all healthcare providers at the same rate, regardless of their license and/or training, if they performed substantially identical services. Carriers filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), arguing Providers failed to state a claim for relief plausible on its face because the Statute applied only to reimbursement of ’policyholders for covered benefits owed under health insurance policies.
II. Discussion
The district court granted Carriers’ motion and dismissed Providers’ complaint. In the court’s comprehensive order, it set out the correct legal standards[1] and then addressed each argument made by the parties. The district court first examined the plain language of the Statute, noting it repeatedly referenced insurance policies, not contracts between providers and carriers. The court also considered Providers’ argument that the Statute unambiguously applied to reimbursements owed to healthcare providers because it was titled, “Reimbursement of Providers.” See Martinez v. Cont’l Enters., 730 P.2d 308, 313 (Colo. 1986) (holding the title of a statute may be used when construing the statute but it “is not dispositive of legislative intent”). The court noted the original title of the Statute was “Form and Content of Policy.” When the title changed in 1992, the change was labeled as “nonsubstantive” by the Colorado legislature. The district court next *731 looked to the Act as a whole, noting Providers failed to explain why the Colorado legislature would place a singular provision intended to benefit healthcare providers in an Act that otherwise only governed healthcare coverage for individual policyholders.
Based on its analysis of the parties’ arguments, the district court concluded Providers’ proposed interpretation of the statute was inconsistent with the Statute’s plain language and the structure of the Act as a whole. The district court also examined the legislative history of the Statute and a letter written by a policy analyst at the Colorado Division of Insurance, concluding neither provided any meaningful support for Providers’ assertion that § 10-16—104(7)(a)(I)(A) governed reimbursement rates applicable to healthcare providers.
Upon de novo review of the claims raised by Providers and the grounds upon which those claims rest, we affirm the dismissal of Providers’ complaint for substantially the reasons stated by the district court in its Order dated March 31, 2016,[2] with the following additional comments.
During oral argument in this matter, this court questioned counsel for Carriers as to whether a 1987 amendment to the Act provided support for Providers’ position. At the time the Statute was repealed, that 1987 amendment was codified in subsection (B) of § 10—16—104(7)(a)(I) and stated:
The licensed persons who may not be denied reimbursement pursuant to sub-subparagraph (A) of this subparagraph (1) shall include registered professional nurses, licensed clinical social workers, and licensed addiction counselors. However, such inclusion shall not be interpreted as enlarging the scope of professional nursing, licensed clinical social worker, or licensed addiction counseling practice.
Counsel for Carriers responded that Providers have never relied on this amendment to support their argument. The record confirms this assertion. We have carefully reviewed Providers’ response to the motion to dismiss, their opening appellant brief, and their reply brief. They have never referenced the 1987 amendment and it did not form the basis of any argument Providers presented to this court or to the district court.
The main argument made by Providers was that the Statute, at the time it was enacted in 1973, clearly and unambiguously applied to reimbursements made to a provider by a carrier. Alternatively, Providers argued the 1973 legislative history of House Bill 1107 (Colo. 1973) confirmed that the Statute requires insurers to reimburse providers equally for substantially identical services. The district court fully considered these arguments and concluded the Statute, as it existed in 1973, could not be read as Providers argued and, thus, their complaint failed to state a claim for relief plausible on its face. As we have concluded, we find no reversible error in the district court’s ruling.
Providers argue the district court erred by not permitting them to amend their complaint[3] “in order to fully address *732 the issues and supplement the record,” but they do not specifically identify the 1987 amendment as an issue requiring further development. Although the parties stated generally during oral argument that changes in billing and reimbursement practices occurred in the healthcare field after 1973, neither provided any record support for this proposition and Providers have never identified billing practices as an area that required further factual development. Further, while it may be accurate that carriers did not reimburse providers directly in 1973 and only began to do so some time later,[4] that fact does not support Providers’ argument that the Statute applied to healthcare providers when it was enacted in 1973. Providers have never taken the position the 1987 amendment represented a significant expansion of the Statute, in light of changed billing practices, such that the Statute’s provisions thereafter applied to both policyholders and providers. Because this court does not engage in speculation or craft arguments for an appellant, we do not consider this possibility.
Because the argument has not been made to this court, we express no opinion on whether the 1987 amendment provides any support for the conclusion the Statute, as so amended, applies to providers.[5] We rule only that, on the facts alleged and the claims actually presented, Providers have not stated a claim for relief plausible on its face and have failed to show that amendment of their complaint would not be futile.
III. Conclusion
The judgment of the district court dismissing Providers’ complaint is affirmed.

 This order and judgment is not binding precedent except under the doctrines of law of the *730 case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R, App. P. 32.1 and 10th Cir. R, 32.1.

. Our jurisdiction arises under 28 U.S.C. § 1291. "The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo," Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). Like the district court, we accept as true all well-pleaded factual allegations in Providers’ complaint and view those allegations in the light most favorable to Providers. Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006).

. Because we affirm the district court’s dismissal of Providers’ complaint on this basis, it is unnecessary for us to address Carriers' alternative argument that no private right of action exists under the Act.

. Providers’ purported motion to amend consists of this single sentence in a footnote in the brief they filed in opposition to Carriers' motion to dismiss: "In the event ffie [district] Court finds the elements of any of Plaintiffs' claims insufficient on their face, Plaintiffs request leave to amend the Amended Complaint *732 as agreed by Defendants and ordered by this Court in its June 8, 2015, Minute Order." The district court's minute order, however, simply states: “If [Providers] file an amended complaint and it is dismissed, [Carriers] agree that if [Providers] seek leave to file a further amended complaint, [Carriers] will not oppose that filing unless a further amended complaint would be futile." Because Providers' request did not “give adequate notice to the District Court and the opposing party of the basis of the proposed amendment,” the district court did not abuse its discretion in denying it. Calderon v. Kan. Dep’t of Soc. & Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999). On appeal, Providers have again failed to identify the basis of any amendment other than to indicate their desire to supplement the record with additional facts. Not only was this argument not made to the district court, the only additional fact specifically identified by Providers — a letter from the Colorado Division of Insurance — was considered by the district court.

. Even if true, the record does not explain why Providers could not continue billing their patients directly, thereby requiring the patients to then seek reimbursement from their carrier. This process was the one unambiguously contemplated by the 1973 version of the Statute.

. The dissent relies on but a single case to support its position that this court must consider the 1987 amendment even though Providers have never relied upon it. In that case, United States v. Vallery, 437 F.3d 626, 632-33 (7th Cir. 2006), an out-of-circuit criminal case, the Seventh Circuit felt obligated to consider an approach not addressed by either side, i.e., consideration of the pertinent criminal statute as a whole to determine whether a misdemeanor or felony had been charged. That case, then, is not authority in this civil matter where we are concerned only with whether the Providers’ complaint sufficiently states plausible claims for relief.