BACHARACH, J.,
dissenting.
This appeal pits a group of chiropractors against a group of health insurance companies. The two groups disagree over the meaning of a prior Colorado statute dealing with reimbursement for health care:
(7) Reimbursement of providers, (a) Sickness and accident insurance. *733 (I)(A) Notwithstanding any provisions of any policy of sickness and accident insurance issued by an entity subject to the provisions of part 2 of this article or a prepaid dental care plan subject to the provisions of part 5 of this article, whenever any such policy or plan provides for reimbursement for a service that may be lawfully performed by a person licensed in this state for the practice of osteopathy, medicine, dentistry, dental hygiene, optometry, psychology, chiropractic, podiatry, or acupuncture, a carrier shall not deny reimbursement under the policy or plan when the service is rendered by a person so licensed. Nothing in this part 1 or part 2 or 5 of this article precludes a carrier from setting different fee schedules in an insurance policy for different services performed by different professions, but the carrier shall use the same fee schedule for those portions of health services that are substantially identical although performed by different professions.
(B) The licensed persons who may not be denied reimbursement pursuant to sub-subparagraph (A) of this subpara-graph (I) shall include registered professional nurses, licensed clinical social workers, and licensed addiction counselors. ...
Colo. Rev. Stat. § 10-16-104(7)(a)(I)(A)-(B) (2012) (repealed 2013). The chiropractors contend that this statute required reimbursement of providers at the same rates enjoyed by other types of providers for the same services. The health insurance companies maintain that the statute required the equal reimbursement of insureds, not providers. The district court agreed with the health insurance companies, dismissing the chiropractors’ complaint based on the view that the statute protected insureds rather than providers. But in my view, the statute included protection for providers such as chiropractors. As a result, I would reverse the district court’s order of dismissal.[1]
In this appeal, we must engage in de novo review of the dismissal and the underlying question of statutory interpretation. See Colby v. Herrick, 849 F.3d 1273, 1279 (10th Cir. 2017); United States v. Porter, 745 F.3d 1035, 1040 (10th Cir. 2014).
For our purposes, the statute contains two relevant parts, Subsections (A) and (B). Subsection (A) consists of two sentences. The first sentence provides that health insurance companies cannot “deny reimbursement under the policy or plan” for covered services. Colo. Rev. Stat. § 10-16-104(7)(a)(I)(A) (2012) (repealed 2013). But this sentence does not say who is entitled to reimbursement. Is it the insured, the provider, or both? The second sentence provides that health insurance companies must use the same fee schedule when reimbursing for substantially identical services even though those services may be provided by professionals in different fields. In this situation, the reimbursement must be the same regardless of whether the same service is provided by a licensed medical doctor or a chiropractor. We must decide whether this sentence protects the specified types of providers.
By itself Subsection (A) is ambiguous, and the majority grapples with that ambiguity without reference to Subsection (B). That approach is reasonable because the chiropractors rely on the text of Subsection (A) without referring to Subsection (B). In light of the chiropractors’ exclusive *734 focus on Subsection (A), the majority relies on our reticence to “craft arguments for an appellant.” Maj. Order and Judgment at 7. But I think we must consider the entirety of the statute, including Subsection (B).
When interpreting the statute as a whole, I am not crafting an argument for anyone. After all, both sides urge us to interpret the Colorado statute by reading it as a whole, just as Colorado law requires. See Appellants’ Opening Br. at 17; Appellees’ Ans. Br. at 11; Reno v. Marks, 349 P.3d 248, 253 (Colo. 2015) (en banc). Following this approach here requires us to consider Subsection (B) even though it was apparently overlooked by the parties. See United States v. Vallery, 437 F.3d 626, 632-33 (7th Cir. 2006) (considering parts of a statute not relied upon by either side because of the court’s obligation to take into account the meaning of the statute as a whole).[2]
Subsection (B) makes it clear that reimbursement cannot be denied to the “licensed persons” identified in Subsection (A): “The licensed persons who may not be denied reimbursement pursuant to sub-subparagraph (A) of this subparagraph (I) shall include registered professional nurses, licensed clinical social workers, and licensed addiction counselors.” Colo. Rev. Stat. § 10-16-104(7)(a)(I)(B) (2012) (emphasis added) (repealed 2013). This sentence clarifies that Subsection (A) creates an entitlement to reimbursement for specified types of providers. With the gloss of Subsection (B), the meaning of Subsection (A) is unambiguous. The two sentences in Subsection (A) mean that specified providers (including licensed chiropractors) are entitled to the same reimbursement rates enjoyed by other types of providers for substantially identical services.
⅜ ⅜ ⅜
Reading the statute as a whole, as Colorado law requires, I would consider Subsection (B)’s express recognition that the statute prohibits the denial of reimbursement to licensed providers. With this express recognition, the statute unambiguously entitles licensed chiropractors to the same rates enjoyed by other types of providers for the same services. In light of this unambiguous statutory entitlement, the district court erred in dismissing the complaint. Because the majority reaches a different conclusion, I respectfully dissent.[3]

. Because I would reverse on this ground, I have not discussed the chiropractors’ other appeal points.

, In Vallery, the Seventh Circuit Court of Appeals interpreted a criminal statute to determine whether the defendant had been charged with, and convicted of, a felony rather than a misdemeanor. See Vallery, 437 F.3d at 628, 633-34. For this interpretation, the Seventh Circuit considered parts of the statute that neither party had relied upon. See id. at 628, 630-33.
Vallery is not binding, for it was issued by another circuit court, But Vallery is persuasive. There the choice for the court was the same choice that we face here: whether to interpret a statute based on language that has been overlooked by both sides. The Seventh Circuit decided to consider the overlooked language. See id. Here too we should consider the overlooked language in light of Colorado law.

. The health insurance companies also rely on legislative history, placement within the statutory framework, and the absence of a private right of action. But the legislative history and placement within the statutory framework are not helpful in light of the clarity of the statute when read as a whole and in context. See Associated Gov’ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n, 275 P.3d 646, 649 (Colo. 2012) (en banc) (indicating that legislative history and placement within the statutory framework are considered "[i]f the statutory language is ambiguous”). "If the *735 language is clear and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction.” People v. Dist. Court, 713 P.2d 918, 921 (Colo. 1986) (en banc), And the district court declined to reach the health insurance companies' argument regarding the absence of a private right of action. Thus, I would remand for the district court to decide this issue in the first instance. See Rife v. Okla, Dap't of Pub. Safety, 854 F.3d 637, 649 (10th Cir. 2017).